FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant, v. COSMOPOLITAN MUTUAL INSURANCE COMPANY, Respondent.

First Department, March 1, 1973.

*John M. Cunneen* for appellant.

*William F. McNulty* of counsel (*Anthony J. McNulty* with him on the brief; *A. Allen Stanger,* attorney), for respondent.

KUPFERMAN, J. Valient, a driver, had worked for Island Transportation Corp. (Island), a corporation in the business of hauling petroleum products. Island decided to use " lease operators ", and its drivers bought tractors from Island with which to haul Island's petroleum trailers. In January, 1966, Island bought two tractors in one transaction to sell to Valient and another. On February 7, Valient's bank loan application, with Island as the guarantor, was approved and he bought the tractor. Prior thereto, on February 4, Valient picked up the tractor at a place of repair (where Island had taken it and for which work Island was billed), and because it had not yet been registered, he used the registration number from his Mack truck. On February 5, while driving the said tractor with an Island trailer attached, Valient was involved in an accident.

Valient and Island were defendants in three separate suits for damages because of the February 5 accident. Plaintiff Fidelity and Casualty Company of New York (Fidelity) furnished the defense for Valient, because for an additional premium on his Fidelity auto policy, he had gotten tractor coverage, effective February 2. Defendant Cosmopolitan Mutual Insurance Company (Cosmopolitan) defended Island, with whom it had a comprehensive policy. The actions were consolidated, settled and discontinued for $59,250, with each insurance company paying one half or $29,625, and the insurance companies agreed that each carrier could contend that the insurance of the other carrier was primary, while its own insurance was excess, and that the automobile insurance provided by the other carrier was concurrent coinsurance, each contending the other was obligated for more than one half.

In this declaratory judgment action, the court at Trial Term determined that Valient was the owner of the tractor, and that Island was " no more than a statutory passive tortfeasor ", with Valient being solely responsible for the accident, and gave the defendant judgment against the plaintiff for the full amount of the one-half contribution.

In view of the limited nature of the reservation of the right by the insurance carriers against each other, there is no question of *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143 [1972]) coming into play. (See Dole v. Dow Chemical Co.: A Leading Decision —But Where?, by Richard T. Farrell and Diane S. Wilner, 39

Brooklyn L. Rev., pp. 330, 336; CPLR 1401 and the Supplementary Practice Commentary by Joseph M. McLaughlin [McKinney's Cons. Laws of N. Y.]; Dole v. Dow Chemical Co. and its Ramifications, Supplementary Practice Commentary, by David D. Siegel, to CPLR 3019 [McKinney's Cons. Laws of N. Y.].)

Under section 388 of the Vehicle and Traffic Law, the tractor and trailer were "jointly and severally" liable. If Valient was merely the driver of the tractor and not the owner at the time of the accident (and we so find), then the Cosmopolitan comprehensive policy covering any person using the tractor, comes into play.

Accordingly, there remains only the question of the accident limits of the policies and the proper proportion thereof for contribution, the limit of the Fidelity policy being $300,000, while that of the Cosmopolitan policy being $500,000. Under *Travelers Ins. Co.* v. *General Acc. Fire & Life Assur. Co.* (28 N Y 2d 458, 464), it is in the ratio that the respective policy accident limits bear to the total valid and collectible insurance.

The judgment of the Supreme Court, New York County (FINE, J.) entered August 7, 1972 should be reversed, on the law and the facts, without costs, and judgment should hereby be granted plaintiff Fidelity on the basis, and it is so declared, that it was responsible for only three eighths of the settlement figure rather than the one half it actually paid.

Settle judgment on notice.

MARKEWICH, J. P., MURPHY, LANE and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on August 7, 1972, unanimously reversed, on the law and the facts, and vacated, without costs and without disbursements, and judgment granted plaintiff Fidelity on the basis, and it is so declared, that it was responsible for only three eighths of the settlement figure rather than the one half it actually paid.

Settle judgment on notice.