■ JOHN MANCUSO et al., Respondents, v THEODORE J. BELLERIVE et al., Appellants. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries (1) all defendants appeal from so much of an interlocutory judgment of the Supreme Court, Kings County, entered February 26, 1976, as is in favor of plaintiffs and against them, after a jury trial limited to the issue of liability only, and (2) defendants Bellerive and Perry also appeal from the balance of the interlocutory judgment, which is in favor of defendant Miscoe Spring Beverage Co., Inc., on its cross claim against them. Interlocutory judgment affirmed, with one bill of costs to respondents against appellants jointly. The issue of contributory negligence was properly submitted to the jury; the Trial Judge properly declined to find contributory negligence as a matter of law. The Trial Judge was also correct in not charging the doctrine of assumption of risk. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.

■ JOHN MANCUSO et al., Plaintiffs, v THEODORE J. BELLERIVE et al., Defendants. MISCOE SPRING BEVERAGE CO., INC., Defendant and Third-Party Plaintiff Respondent-Appellant; AMERICAN MOTORISTS INSURANCE COMPANY, Third-Party Defendant Appellant-Respondent.—In a negligence action to recover damages for personal injuries, in which a third-party action was commenced on a policy of insurance, (1) the third-party defendant appeals from a judgment of the Supreme Court, Kings County, entered April 30, 1976, which, after a nonjury trial, (a) declares that (i) a certain exclusionary clause contained in the subject policy is invalid, (ii) its disclaimer of

coverage of the primary tort actions is invalid, (iii) the amount of optional coverage under the terms of the policy shall be $100,000 for each person and $300,000 for each accident, instead of the $20,000/$50,000 contained in the actual policy issued, (iv) the policy was in full force and effect on February 17, 1972 and (v) it is obligated to provide legal representation to the third-party plaintiff under the policy and assume and pay for the defense of the primary tort action pending by plaintiffs against the third-party defendant and (b) is in favor of the third-party plaintiff in the amount of $18,093.03, representing its legal fees, costs and disbursements, and statutory costs and disbursements, and (2) third-party plaintiff cross-appeals from so much of the judgment as failed to declare that the subject policy specifically includes coverage for hired vehicles. Judgment affirmed, without costs or disbursements. The exclusionary provision, which is applicable only to accidents occurring outside of the State of Massachusetts, is invalid (see Vehicle and Traffic Law, § 388). We also concur with the findings by Trial Term that the third-party plaintiff was not informed of the monetary limitations on the renewed policy, and that such knowledge may not be imputed to it upon any theory of agency (see *Otsego Aviation Serv. v Glens Falls Ins. Co.,* 277 App Div 612). As to the cross appeal, we agree that the third-party plaintiff has failed to establish that it requested "hired car coverage" upon the renewal of the policy. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.