GENERAL MUTUAL INSURANCE COMPANY, Appellant, *v.* SUN INSURANCE COMPANY OF NEW YORK, Respondent.

Third Department, November 29, 1965.

*Goldstein & Goldstein* (*David Farber* of counsel), for appellant.

*Roland, Hurley & Fox* (*Harry A. Fox, Jr.,* of counsel), for respondent.

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court, Sullivan County, dismissing appellant's complaint.

This action for a declaratory judgment arose from an accident involving a tractor-trailer and an automobile. Appellant, the insurer for the tractor owner, thereafter settled with the occupants of the car with the consent of the respondent, the insurer for the trailer owner. Appellant in the present action seeks to recover contribution from respondent for one half of the settlement. The court below dismissed the complaint on the grounds that under the policy issued by respondent to its insured respondent was not a coinsurer of the tractor. The court below then held that it was, therefore, immaterial whether the tractor owner was an additional insured under the trailer owner's policy. Such arguments, however, overlook the fact that the driver of the tractor was an additional insured under the trailer owner's policy by virtue of the omnibus clause mandated by statute (Vehicle and Traffic Law, § 388, subds. 1, 2, 4), as implemented by regulation (11 NYCRR 60.1 [c]), and must, therefore, be considered as being covered separately from the trailer owner under appellant's policy (*Sperling* v. *Great Amer. Ind. Co.,* 7 N Y 2d 442). If the driver is protected by respondent's policy as well as appellant's policy appellant would be entitled to contribution. Respondent urges that under the terms of the policy the driver is specifically excluded from coverage in the instant situation.

Whether or not they are otherwise valid, the exclusionary provisions of the policy and the regulation which purports to authorize them (11 NYCRR 60.2 [c]) are inoperable upon the facts before us. Under the statute (Vehicle and Traffic Law, § 388, subd. 1), the operator of a tractor-trailer combination is to

be deemed the operator of both units; the omnibus clause of respondent's policy, as mandated by statute, constitutes the operator an additional, independently insured person because he is the operator with permission, and the exclusion cannot apply because he is such an insured and the covered vehicle was not, in the language of the exclusion, "owned or hired" by him. Consequently, we are not called upon, in this case, to determine whether the regulation and the exclusion clause are invalid generally as in conflict with section 388.

The judgment dismissing the complaint should be reversed, on the law and the facts, and judgment granted for appellant.

HERLIHY, J. (concurring). I concur in the majority opinion, but I would decide the issue concerning the conflict between section 388 of the Vehicle and Traffic Law and the regulation of the Insurance Department (see 11 NYCRR 60.2 [c]), it being, in my opinion, a matter of public policy and necessity.

The section of the Vehicle and Traffic Law, as applicable here, provides that whenever a combination of vehicles is used, by attachment or tow, the owners thereof shall be jointly and severally liable.

The regulation provides that an owner's policy of liability insurance may contain an exclusion: " (c) While the motor vehicle is used for the towing of any trailer or semitrailer owned or hired by the insured and not covered by like insurance with the insurer; or while any trailer or semitrailer covered by the policy is used with any motor vehicle owned or hired by the insured and not covered by like insurance with the insurer."

Applying the rule of statutory construction, the statute must control as against a conflicting regulation, such as here. The Vehicle and Traffic Law is for the protection of the traveling public and controls the ownership and operation of all forms of vehicles on the highways of this State. The regulation leaves open the possibility of protracted litigation, the statute by its application eliminates this possibility. The necessity for a decision is further demonstrated when consideration is given to the operation of tandem vehicles (a combination of three) upon our State highways where there is a possibility of litigation among the three owners.

GIBSON, P. J., TAYLOR and AULISI, JJ., concur with REYNOLDS, J.; HERLIHY, J., concurs in a separate opinion.

Judgment reversed, on the law and the facts, and judgment granted for appellant, with costs. Settle order.