Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment at Trial Term reinstated. The undisputed circumstance in this case is that the insureds of both parties sought an arrangement whereby the driver of the tractor, Valient (Fidelity’s insured), would be the owner of the tractor to be used in the movement of trailers owned by Island (Cosmopolitan’s insured). Bach step in the transaction involved the co-operation of Valient and Island which eventually achieved the result sought. In determining the ownership of the tractor at the time of the accident it is not pivotal whether any particular legal step had been completed; it suffices that each step was part of a single scheme 'with an unequivocal purpose, eventually consummated, and that the parties to the arrangement or scheme, Valient and Island, so regarded it. On this rationale this court agrees with the conclusions of the trial court that Valient was the owner of the tractor at the time of the accident, it being immaterial whether the tractor was purchased with Island funds later replaced by moneys Valient obtained on a bank loan guaranteed by Island, or when the bill of sale to Valient was delivered, or that the tractor was not registered as Valient’s until a few days after the accident. Between the two, Valient was always the owner and the intended owner of the tractor, albeit the acts in achieving that result were not simultaneous, principally for financial reasons. The insurers for this purpose stood and are respon* sible in the places of their insureds. Of course, none of this need be or was binding on third parties, such as the persons injured in the accident, who were entitled to rely on the bases of liability determined by the applicable provisions of the Vehicle and Traffic Law (§§ 123, 388). It is also noted that Valient’s insurer was never misled to its disadvantage: by indorsement of its policy it covered the subject tractor and received its additional premium from Valient prior to the accident. Some facts which suggested ownership in Island, such as the one-instance payment of repairs, were insufficient to contradict the *968 interpretation of the relationship between Valient and Island with respect to the tractor.
Chief Judge Bbeitel and Judges Jasen, Gabrielli, Jones, Wáohtleb, Rabin and Stevens concur.
Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated in a memorandum.