MOUNT VERNON FIRE INSURANCE COMPANY, Appellant, v
TRAVELERS INDEMNITY COMPANY et al., Respondents.

First Department, July 18, 1978

### APPEARANCES OF COUNSEL

*Martin S. Rothman* of counsel (*Richard Godosky* and *Robert B. Marcus* with him on the brief; *Weiss, Molod, Berkowitz & Godosky,* attorneys), for appellant.

*James A. Magee* of counsel (*McLaughlin, Simone & Lawler,* attorneys), for the Travelers Indemnity Company and another, respondents.

*Bernard Meyerson* of counsel (*Samuel Spevack,* attorney), for Gino Trotta, respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

This declaratory judgment action arises out of a motor vehicle accident which occurred when a tractor and trailer operating in tandem, and owned by defendant Smolowitz Brothers Van Lines, Inc., collided with a vehicle driven by one Gino Trotta. Following this incident Trotta, who allegedly sustained bodily injuries, instituted a negligence action against Smolowitz. Defendant, the Travelers Indemnity Company, insured Smolowitz with respect to personal injury liability caused by the tractor.

Although not so specified in the complaint, defendants acknowledge that the policy of the plaintiff, Mount Vernon Fire Insurance Company, provided excess coverage only. That policy describes the vehicle covered as being the Smolowitz trailer. The prime policy, which is incorporated by reference in Mount Vernon's policy, contains the following exclusionary clause: "This policy does not apply * * * while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company". Mount Vernon maintains this language exempts it from supplying any coverage for its policy offered excess coverage on the trailer alone and the tractor was not covered, at the time, by similar insurance with Mount Vernon. We disagree.

Section 388 of the Vehicle and Traffic Law imposes joint and several liability on owners of tractors and trailers used in

combination with one another, for injuries occasioned by such vehicles. Subdivision 4 thereof mandates "All * * * policies of insurance issued to the owners of any vehicle subject to the provisions of this section shall contain a provision for indemnity or security against the liability and responsibility provided in this section". This statute, which has as its objective the protection of injured plaintiffs, does not differentiate between primary and excess policies but directs that "All" policies of insurance are to provide the required coverage. Hence, insofar as Smolowitz's liability, if any, to Trotta is concerned, Mount Vernon's policy must be read as affording excess coverage not only for the trailer, but also for the tractor. (Wheeler v Piscina, 277 App Div 1014.)

If the purpose of section 388 of the Vehicle and Traffic Law is realized when "the compulsory minimum insurance mandate of the applicable statutes and regulations" has been satisfied, as our dissenting colleague suggests, then a logical extension of that argument is that a primary insurer of only one vehicle in a tractor-trailer combination, having a comparable exclusionary clause in its policy, could properly deny coverage for any amount in excess of the compulsory minimum, and this despite the fact that the policy itself provided greater coverage. Since neither the statute, nor the cases construing it, insinuate such an interpretation, we find no basis for reading the statute as applying to "primary" coverage only.

As for the exclusionary clause, to the extent its intended objective is to cause Mount Vernon's coverage of Smolowitz's liability to Trotta to become inoperative, it is contrary to the policy of this State and therefore void. (Rosado v Eveready Ins. Co., 34 NY2d 43, 49.) And this is so not only for the primary insurance, but the excess as well. The fact that the exclusionary clause tracks the language of an Insurance Department regulation (11 NYCRR 60.2 [c]) is immaterial, for to the extent that regulation conflicts with and is inconsistent with the design and purpose of the statute it has no significance. (Matter of Adams [Government Employees Ins. Co], 52 AD2d 118.)

The judgment of the Supreme Court, New York County (Levy, J.), entered August 1, 1977, declaring plaintiff, Mount Vernon Fire Insurance Company and defendant the Travelers Indemnity Company, each pay its proportionate share of any loss ultimately adjudged in favor of Gino Trotta, in his negli-

gence action against plaintiff's insured, Smolowitz Brothers Van Lines, Inc., should be modified on the law to declare plaintiff is obligated to afford Smolowitz excess coverage for personal injuries in the amount of $50,000 for each person and $400,000 for each accident, and otherwise affirmed, without costs and disbursements.

LUPIANO, J. (dissenting). The Supreme Court has characterized the instant matter as "a case of first impression" which "may well affect the entire towing and trucking industry." It is alleged in the complaint of Mount Vernon Fire Insurance Company (hereinafter Mount Vermon) that on September 21, 1973, Mount Vernon insured defendant Smolowitz Brothers Van Lines, Inc. (hereinafter Smolowitz) with respect to personal injury caused by the operation of Smolowitz's trailer and that the Travelers Indemnity Company (hereinafter Travelers) similarly insured Smolowitz with respect to Smolowitz's tractor. On appeal, Mount Vernon requests that its complaint be deemed amended in order that the fourth paragraph thereof will allege that Mount Vernon's insurance of the trailer provided only excess liability coverage. Though Travelers' and Smolowitz's answer denied Mount Vernon's allegation of insurance by Travelers of Smolowitz's tractor and knowledge or information sufficient to form a belief concerning Mount Vernon's allegation of insurance by Mount Vernon of Smolowitz's trailer, Travelers and Smolowitz on appeal do not dispute Mount Vernon's appellate representation concerning the nature of the insurance coverage provided Smolowitz by Mount Vernon and Travelers. According to Mount Vernon, on September 21, 1973, Smolowitz's tractor and trailer were subjects of Travelers' primary personal injury liability insurance and Mount Vernon was only the excess personal injury liability insurer of Smolowitz's trailer.

The Supreme Court in deciding the issues without a trial viewed Mount Vernon as a primary rather than an excess liability insurer. This may be an error in view of the apparent concession by Travelers and Smolowitz on appeal respecting Mount Vernon's claim as to its status being that of an excess insurer only. Notwithstanding the claimed error (mischaracterization of the nature of Mount Vernon's insurance), defendants Travelers and Smolowitz argue that Mount Vernon's insurance of the trailer operates to make Mount Vernon an insurer of the tractor also. In opposition, Mount Vernon relies on a provision of its trailer policy which incorporates the

terms of Travelers' tractor policy to the effect tht the Mount Vernon policy would not apply "while any trailer covered by this policy is used with any automobile owned * * * by the insured and not covered by like insurance in the company."

The trial court adopted the position (to which the parties apparently consented) that only legal questions were involved herein. No hearing or trial was held. The complaint seeks declaratory relief "that the damages, if any, sustained by defendant Trotta come within the purview and provisions of the automobile liability indemnity insurance policy issued to the defendant Smolowitz by defendant Travelers." It develops that a hearing might well have been held to determine whether the policy issued by Mount Vernon was, in fact, an excess liability one. The answer is critical.

In its decision, the trial court concluded that Travelers was the insurer of the tractor but not the trailer, and that the plaintiff, Mount Vernon, was the primary liability insurer of the trailer. In this manner, two primary liability insurers were created, one insuring the tractor, the other insuring the trailer. This legal legerdemain occurred despite the strenuous opposition of Mount Vernon. Mount Vernon submitted documentary evidence in an effort to demonstrate that it had issued a policy for excess liability *only,* covering the trailer involved in the accident. This conflict, in my opinion, requires a remand for a hearing, since the nature of the insurance coverages is crucial for ultimate disposition. To the point, if it be found that Mount Vernon maintained the status of an excess liability insurer, as it contends, then I would not share the view taken by my majority brethren and would grant the relief sought by Mount Vernon.

Assuming Travelers was the primary liability insurer of both the tractor and trailer and that Mount Vernon is only an excess liability insurer of the trailer, then in such circumstances, Mount Vernon's excess insurance policy may not be transmuted into one for primary insurance. By virtue of the exclusionary provision incorporated into Mount Vernon's excess insurance policy on the trailer, and, further, assuming that Smolowitz did not purchase excess insurance for the tractor, no liability could be imposed upon Mount Vernon under the excess policy which it issued.

Section 388 of the Vehicle and Traffic Law relied on by the majority is concerned with situations where a tractor and trailer are initially and primarily covered because of the legal

problems arising from diverse ownership of a tractor and trailer used in tandem. Joint and several liability is imposed by the statute, notwithstanding the lack of common ownership of a tractor and trailer used in combination. Hence, out of necessity, *primary* coverage as to one becomes *primary* coverage as to the other in the absence of joint coverage. In this manner the statutory purpose is achieved and the public interest is satisfied, because the initial coverage (the primary coverage) mandated by law has occurred. Thereafter, if the owner of each vehicle seeks more (excess) coverage, he is no longer fettered by the section. In such event, the parties involved—the one seeking insurance and the insurer—may make any further arrangement. In this matter, the owner of the trailer obtained from Mount Vernon coverage on the trailer, which may well be excess to the primary coverage on such vehicle. Mount Vernon obliged with what is assumed for purpose of this discussion to be an excess liability insurance policy conditioned upon the insured's obtaining like insurance with respect to any tractor owned by the insured with which the trailer is used. This Mount Vernon, the insurer, could do with Smolowitz, the insured, since the statute had been satisfied with the necessary primary coverage already obtained. The insured's failure to obey the mandate of the exclusionary clause incorporated by reference in Mount Vernon's policy, resulted in the excess policy being ineffective. Thereby the insured, Smolowitz, lost the benefit of having *more* insurance, the excess insurance it had contemplated respecting the tractor and trailer which it owned. Defendants, while they may be aggrieved in there not being *more* insurance, may not castigate Mount Vernon for opposing liability in circumstances which do not make Mount Vernon contractually or legally responsible.

*Rosado v Eveready Ins. Co.* (34 NY2d 43) and *Wheeler v Piscina* (277 App Div 1014), relied on by the majority, involved primary insurance issues and are not concerned with excess insurance. Subdivision 2 of section 167 of the Insurance Law provides in pertinent part that "[n]o policy or contract of personal injury liability insurance or of property damage liability insurance, covering liability arising from the ownership * * * of any motor vehicle or of any vehicle as defined in section three hundred eighty-eight of the vehicle and traffic law * * * shall be issued * * * to the owner thereof * * * unless it contains a provision insuring the named insured

against liability * * * occasioned within the coverage of the policy or contract". Section 311 (subd 4, par [a]) of the Vehicle and Traffic Law defines "owner's policy of liability insurance" as one "[a]ffording coverage as defined in the minimum provisions prescribed in a regulation which shall be promulgated by the superintendent at least ninety days prior to effective date of this act * * * Nothing contained in such regulation or in this article shall prohibit any insurer from affording coverage under an owner's policy of liability insurance more liberal than that required by said minimum provisions." "While it may be said that the State has pre-empted the automobile liability insurance field it has done so only with regard to minimum coverage and certain mandatory policy provisions" (*Richard's Serv. Sta. v Town of Huntington,* 79 Misc 2d 834, 843, mod on other grounds 47 AD2d 963).

It is well recognized that "[t]he whole object of compulsory automobile insurance is to assure the protection of members of the public, who are innocent victims of motor vehicle accidents, by providing compensation for and protection from tortious wrongs committed against them" (*Rosado v Eveready Ins. Co.,* 34 NY2d 43, 47, *supra).* Under the coverage of an "excess" insurance policy, "the insurer issuing the policy is not liable for any part of the loss or damage which is covered by other insurance, but is liable only for the amount of loss or damage *in excess of the coverage provided by the other policy or policies of insurance"* (16 Couch, Insurance 2d, § 62:48; see, also, *Fairchild v Liverpool & London Fire & Life Ins. Co.,* 51 NY 65; emphasis supplied).* Having satisfied the compulsory minimum insurance mandate of the applicable statutes and regulations, there is no prohibition against an insured's seeking greater protection than that minimally required, whether by way of an expanded primary policy or by obtaining an excess insurance policy. The public interest having been secured in the acquiring of the compulsory insurance, the obtaining of excess insurance and the contractual relationship between the excess insurer and the insured is of a voluntary nature. The "principle of the nonapplicability of a compulsory insurance statute to what would otherwise be a voluntary

---

* "Insurance policies occasionally contain * * * 'excess insurance' clauses, which provide with respect to a particular coverage that the insurer issuing a policy containing such clause is liable only for the amount of damage caused in excess of the coverage provided for by other policies of insurance. In such case, the liability of the excess insurer does not arise until the limits of the collectible insurance under the primary policy have been exceeded" (31 NY Jur, Insurance, § 1612).

contract of insurance also applies to such part of the coverage of a policy as is in excess of the coverage required by a compulsory insurance statute" (12 Couch, Insurance 2d, § 45:681; see, also, *Maryland Cas. Co. v Hunter,* 341 Mass 238).

Even viewing the silence of section 388 of the Vehicle and Traffic Law respecting the differentiation between primary and excess policies as significant, the thrust of the statute is to afford protection to the public within the framework of compulsory minimum insurance. Once that required coverage has been secured, whether by a primary policy or policies or by a combination of policies, primary and excess, the voluntary action by the insured in seeking greater protection is without the ambit of mandated insurance. Such excess coverage is not required and Insurance Department regulation 11 NYCRR 60.2 obtains relevance. Said regulation provides in pertinent part: "Such an 'owner's policy of liability insurance' may contain in substance the following exclusions: * * * (c) While the motor vehicle is used for the towing of any trailer or semitrailer owned or hired by the insured and not covered by like insurance with the insurer; or while any trailer or semitrailer covered by the policy is used with any motor vehicle owned or hired by the insured and not covered by like insurance with the insurer." The exclusionary clause incorporated in Mount Vernon's policy tracks the language of the regulation (11 NYCRR 60.2 [c]). Such a regulation, when applied to the case of an excess insurer under a policy whose coverage is wholly without the ambit of compulsory insurance, is not inconsistent with the Insurance Law.

"The superintendent [of Insurance] has wide authority to 'prescribe, in writing, official regulations, not inconsistent with the provisions of this chapter * * * interpreting the provisions of this chapter.' (Insurance Law, § 21.) Further, the superintendent possesses whatever powers may be 'reasonably implied' from the statute. (Insurance Law, § 10.) The courts have consistently recognized that these provisions vest the superintendent 'with broad power to interpret, clarify, and implement the legislative policy'. *(Breen v Cunard Lines S. S. Co.,* 33 NY2d 508, 511.) *Provided that his regulations are not inconsistent with some specific statutory provision,* the superintendent may prescribe regulations 'to effectuate any of the powers given to him by law' *(Matter of B. & R. Excess Corp. v Thacher,* 37 Misc 2d 307, 309, affd 18 AD2d 1137), including any powers that the statute reasonably implies" *(Ostrer v*

*Schenck,* 41 NY2d 782, 785-786; emphasis added). The regulation may not be said to be unreasonable insofar as it allows an excess insurer not involved with mandatory coverage to assure itself of (a) the existence of additional excess insurance against the risk and (b) its possession of at least an abstract power to determine the nature of the risk undertaken.

Section 388 of the Vehicle and Traffic Law does no more than make owners of different parts of a vehicular combination in tow jointly and severally liable. Compelling the primary liability insurer to issue a policy covering the joint and several liability of each owner of a part of the combination in fulfillment of the public policy interest in providing mandatory insurance coverage may well be consistent with the demand of section 388 and section 167 of the Insurance Law. No statute, however, or any public policy, requires that a common owner of a tractor-trailer combination, or different owners of parts of such a combination, purchase excess liability without the ambit of minimum compulsory insurance coverage or that, once purchased, the excess insurer issue coverage for all parts of the combination. If that were the result, the excess insurer would be driven under such circumstances, to a duty of insurance broader than the statute *imposing the duty to insure.*

Accordingly, the judgment of the Supreme Court, New York County (Levy, J.), entered August 1, 1977, declaring that the plaintiff Mount Vernon Fire Insurance Company and the defendant the Travelers Indemnity Company, each pay its proportionate share of any loss ultimately adjudged in favor of defendant Gino Trotta, in his negligence action against plaintiff's insured, Smolowitz Brothers Van Lines, Inc., should be reversed, on the law, without costs and disbursements, and the matter remanded for a trial.

KUPFERMAN, J. P., MARKEWICH and SULLIVAN, JJ., concur with YESAWICH, J.; LUPIANO, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on August 1, 1977, modified, on the law, to declare plaintiff is obligated to afford Smolowitz excess coverage for personal injuries in the amount of $50,000 for each person and $400,-000 for each accident, and otherwsie affirmed, without costs and without disbursements.