*579 OPINION OF THE COURT
Fuchsberg, J.
In this action for a declaratory judgment, we are asked to construe the effect of an excess automobile liability insurance policy clause which incorporates by reference the exclusions contained in the contract for primary coverage issued to the insured by another carrier.
The disputed clause, contained in an agreement for excess coverage entered into between plaintiff Mount Vernon Fire Insurance Company, as insurer, and Smolowitz Brothers Van Lines, Inc., as insured, provided that the risks assumed were subject to "all the conditions, agreements, exclusions and limitations of and shall follow the Primary Insurance in all respects”. The primary policy, issued to the insured by defendant Travelers Indemnity Company, afforded Smolowitz the statutory minimum coverage on each of the seven units of its fleet of trucks and vans; it was expressly inapplicable "while any trailer covered by this policy is used with any [tractor] owned or hired by the insured and not covered by like insurance in the company”.
This suit was precipitated by the pressing of a claim for personal injuries by a third party (Gino Trotta, formally joined here as a party defendant), allegedly incurred when a vehicle he was operating collided with a tractor-trailer tandem rig both sections of which were owned and operated by Smolowitz. At the time of the accident, the tractor and trailer were each expressly covered by the Travelers policy, but only the trailer was included in the Mount Vernon contract.[1]
It was on these conceded facts that Mount Vernon sought a declaration that, though Travelers’ primary coverage of both the tractor and trailer precluded it from invoking the exclusion clause, nevertheless, since the trailer protected by the Mount Vernon excess policy was not being towed by a tractor insured by the same "company”, i.e., Mount Vernon, the exclusionary clause continued to serve to gain it exemption from liability. The Supreme Court, however, was of the view that the exclusionary clause was contrary to the public policy of New York State and entered a judgment to that effect. The *580 Appellate Division, while modifying in respects not relevant to our disposition, declared that Mount Vernon was obligated to indemnify Smolowitz for any judgment within its coverage that exceeded the limits of the Travelers policy (63 AD2d 254). In turn, we now affirm the order of the Appellate Division, but do so solely on the narrower grounds we hereinafter articulate.
Given the exceptionally strong principle of construing exclusions strictly against an insurer, whose form policy language is not only its own but "non-negotiable” as well (Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356, 361; Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386; 7 Appleman, Insurance Law and Practice, § 4438, p 458),[2] Mount Vernon may not use the clause at issue to gain an exemption for itself where its author — Travelers—would not be entitled to call the clause into play. Manifestly, Travelers, at whose instance and in whose policy the clause was inscribed, can claim no such benefit here, for it insured both tractor and trailer. And, as indicated, the excess policy clause which here is sub judice tells us that the exclusions it incorporates are to "follow” the primary insurance "in all respects”.
If, despite that, Mount Vernon was intended to have the right to resurrect the clause for itself, it would have been a simple matter for it to have said so in so many words, or, indeed, to have reiterated the exclusionary language in its own policy (see Miller v Continental Ins. Co., 40 NY2d 675, 678-679). Absent resort to either of these devices of draftsmanship, it would not have been unreasonable for Smolowitz, the insured to whom Mount Vernon in effect unilaterally addressed its words of incorporation, to assume that, in the circumstances of the primary policy provisions to which it referred, the Mount Vernon language would not create an additional exclusion (cf. Messina v Lufthansa German Airlines, 47 NY2d 111, 114-115; Curtis, A Better Theory of Legal Interpretation, Jurisprudence in Action, pp 155, 156; Holmes, Collected Legal Papers, 203). We therefore conclude that the exclusion clause, in the context in which it here is found, remains dormant or comes to life in accordance with the terms of the primary insurance policy.[3]
*581 This conclusion is also consonant with the result that obtains when the same principle of strict construction is applied to read the phrase “in the company” to mean “in Travelers” so that Mount Vernon would only be able to assert the exemption when the tractor is not covered by like insurance in Travelers. This condition being satisfied, on this score too, Mount Vernon has no ground on which to avoid being held, within the limits of its excess undertaking, to indemnify Smolowitz for the amount of any judgment beyond that embraced by the Travelers policy.
For these reasons, the order appealed from should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur.
Order affirmed, with costs.

. At one time the Mount Vernon excess policy apparently applied to all of the Smolowitz vehicles. However, for reasons not indicated in the record, several months before the accident the policyholder’s only tractor and both of its trailers first were deleted from the policy, and then the particular trailer involved here was reincluded.

. Mount Vernon’s and Travelers’ coverage were each set out in a "form” policy.

, In view of the rationale on which we rely for our affirmance on this appeal, we do not reach the question whether such an exclusionary clause, in either a primary or an excess coverage policy, would be invalid as against public policy in New York State.