AETNA CASUALTY AND SURETY COMPANY, Appellant, v MERCHANTS MUTUAL INSURANCE COMPANY, Respondent.

Third Department, December 31, 1980

APPEARANCES OF COUNSEL

*Leonard & Mellon (A. Michael Gebo* of counsel), for appellant.

*Urfirer & Brooks (James M. Brooks* of counsel), for respondent.

### OPINION OF THE COURT

GREENBLOTT, J.

Plaintiff insured A. Cappione, Inc., the owner of a tractor which leased a trailer insured by the defendant. On August 25, 1975, while driving the tractor trailer combination, an employee of A. Cappione, Inc. was involved in an accident near Berlin, Vermont. The tractor trailer, registered and garaged in New York, collided with three cars: a Maine car with five Maine residents, a Quebec car with four Quebec residents, and a Vermont car with a Vermont driver.

■ Defendant argues that Vermont law applied to the issue of its liability to third persons, and that under Vermont law, no right to contribution or indemnification exists. We disagree. We hold that Special Term was correct in stating that New York law applies to this case. Where an action involves the rights and duties of the parties to an automobile insurance contract, the law of the State where the policy was written, as evidenced by the parties' understanding as to the principal location of the insured risk, is controlling, irrespective of the fact that the accident occurred in another State *(New Amsterdam Cas. Co. v Stecker,* 3 NY2d 1; *Government Employees Ins. Co. v Sheerin,* 65 AD2d 10).

■ We further find that a declaratory judgment action was appropriate to adjudicate the rights of the parties with regard to the settlement already paid by the plaintiff. The court may render a declaratory judgment so long as there is a justiciable controversy (CPLR 3001). The parties have an actual dispute as to their respective liabilities for the settlement paid by plaintiff.

Plaintiff has paid two of the Maine residents a total of $104,764.14 to settle claims arising from the accident. It then commenced this declaratory judgment action seeking either contribution or indemnification from defendant for the moneys paid by it in settlement, and a declaration of the rights of the parties. It asserts that it demanded that defendant share in the settlement negotiations but defendant refused to co-operate.

Plaintiff contends that the complaint states a cause of action for contribution and indemnity, and that section 15-108 of the General Obligations Law is not a bar to plaintiff's action. Plaintiff further asserts that the driver of the tractor was an additional insured under the defendant's policy covering the trailer and, therefore, the two insurance companies must share responsibility for the amounts paid by plaintiff in settlement. Defendant asserts, *inter alia*, that plaintiff has no right to contribution, and that even if it did, it is barred by subdivision (c) of section 15-108 of the General Obligations Law.

The Court of Appeals has recently stated: "Conceptually, implied indemnification finds its roots in the principles of equity. It is nothing short of simple fairness to recognize that '[a] person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity' (Restatement, Restitution, § 76). To prevent unjust enrichment, courts have assumed the duty of placing the obligation where in equity it belongs [citations omitted]." *(McDermott v City of New York*, 50 NY2d 211, 216-217.)

We hold that a cause of action based on a theory of implied indemnification exists in favor of the plaintiff against the defendant by virtue of the specific provisions of the policy of insurance issued by the defendant on the trailer. The driver of the tractor trailer rig is named in the trailer policy as an additional insured since he was using the trailer with permission of the named insured. As a result, the plaintiff's policy issued for the tractor, as well as defendant's policy issued for the trailer, insure the driver and both insurers must contribute to a judgment based on the negligence of the driver.

Section 15-108 does not affect indemnity claims between persons *(Riviello v Waldron*, 47 NY2d 297; *Rogers v Dorchester Assoc.*, 32 NY2d 553). "The right to indemnity, as distinguished from contribution, is not dependent upon the legislative will. It springs from a contract, express or implied, and full, not partial, reimbursement is sought" *(McFall v Compagnie Mar. Belge [Lloyd Royal] S. A.*, 304 NY

314, 328). Moreover, performance by the one insurer of his duty to defend should not excuse the failure to defend by the other insurer of the same risk *(American Fid. Ins. Co. v Employers Mut. Cas. Co.,* 3 Kan App 2d 245; *Columbia So. Chem. Corp. v Manufacturers & Wholesalers Indem. Exch.,* 190 Cal App 2d 194; *Aetna Cas. & Sur. Co. v Coronet Ins. Co.,* 44 Ill App 3d 744). Therefore, section 15-108 of the General Obligations Law does not bar indemnification between insurers of the same risk when only one insurer settled because the other refuses to participate in the settlement negotiations or refuses to defend.

Since the plaintiff alleges in the complaint that defendant refused to co-operate in the defense or settlement of the lawsuit and the allegations of the complaint must be accepted as true for the purposes of a motion to dismiss the complaint, we must reverse the order and judgment of Special Term.

The order and judgment should be reversed, on the law, and the motion to dismiss complaint denied.

MAHONEY, P. J., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order and judgment reversed, on the law, with costs, and motion to dismiss complaint denied.