■ ARLINE R. GUYER, as Administrator with the Will Annexed of the Estates of E. ROBERT WARE and Another, Deceased, Respondent, v UNITED STATES FIRE INSURANCE COMPANY, Appellant. — Order unanimously affirmed, with costs. Memorandum: Defendant insurer appeals from an order denying its motion for summary judgment dismissing the complaint. Decedent E. Robert Ware was the named insured and the owner of a small private plane which defendant insured under an aircraft liability policy. On April 1, 1979 Mr. Ware and his wife were killed when the plane crashed. In this action recovery is sought under the policy for the value of the plane and for the funeral expenses of the decedents. In moving for summary judgment, defendant argues that coverage is excluded under the policy, which provides in item No. 7 of the declarations that the aircraft will be operated only by pilots "holding valid and effective pilot and medical certificates" as required by the Federal Aviation Administration (FAA). Defendant claims that because Mr. Ware made false statements in his application to the FAA, the pilot's medical certificate issued to him was not valid and effective at the time of the crash. An application for a medical certificate must be completed by both the applicant and an FAA-approved aviation medical examiner. Here the aviation medical examiner was also Mr. Ware's private physician who, for approximately two and one-half years prior to the submission of the application, had been treating Mr. Ware for a number of medical conditions, including high blood pressure and heart disease. None of the diseases or conditions for which Mr. Ware was being treated, and for which various medications had been prescribed, were reflected on the application by either Mr. Ware or the physician. Special Term found that although the

application contained multiple misstatements of fact as to Mr. Ware's medical condition, there remained "a question whether Ware was ever told that he had these diseases or conditions". Although we affirm, we do so for other reasons. In procuring these certificates, any misrepresentations allegedly made by Mr. Ware were made not to the insurer, but to the FAA in order to procure a pilot's license. The insurer obviously must be charged with knowledge of the procedures employed by the FAA in issuing medical certificates. It would have been a simple matter in preparing the form for this special type of policy to include specific language that any misrepresentation made in the application for a medical certificate would void the policy (see *Mount Vernon Fire Ins. Co. v Travelers Ind. Co.*, 47 NY2d 575, 580). No such language is contained in the policy issued to Mr. Ware, and the language thereof upon which defendant relies is at least arguably ambiguous and thus must be construed strictly against the insurer (see *Danzig v Dikman*, 53 NY2d 926, 927; *Breed v Insurance Co.*, 46 NY2d 351, 353). The medical certificate was issued by the FAA and was in effect at the time of the crash. The policy requires only that the insured have a valid and effective medical certificate, and thus Mr. Ware was in literal compliance with the terms of the policy. The appropriate agency to initiate action with respect to a wrongfully obtained medical certificate is the FAA. A proceeding for such relief is brought either in the Federal court or before the National Transportation Safety Board (see FAA's Guide for Aviation Medical Examiners, § C). There has been no declaration of invalidity of Mr. Ware's medical certificate, and it is not the function of the insurer or of this court to make such a declaration. (Appeal from order of Supreme Court, Oswego County, Lynch, J. — summary judgment.) Present — Dillon, P. J., Callahan, Green, O'Donnell and Schnepp, JJ.