AETNA CASUALTY AND SURETY COMPANY, Appellant, v MERCHANTS MUTUAL INSURANCE COMPANY, Respondent.

Third Department, April 12, 1984

APPEARANCES OF COUNSEL

*Leonard, Mellon & Gebo* (*A. Michael Gebo* of counsel), for appellant.

*Urfirer & Brooks, P. C.* (*Richard B. Meyer* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

At issue on this appeal is whether defendant, the insurer of a trailer unit, is liable to plaintiff, the insurer of a tractor unit, for any portion of the amount paid by plaintiff to settle personal injury and property damage claims arising out of an accident involving the tractor trailer rig operated in combination by an employee of plaintiff's insured. We agree with Special Term that no such liability exists in this case.

When this matter was before us on an appeal from an order granting defendant's motion to dismiss the complaint, brought on prior to service of the answer, we held that the complaint stated a cause of action based upon the theory of implied indemnification by virtue of a provision in defendant's policy which had the effect of including the driver of the combined rig as an additional insured (*Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.*, 78 AD2d 176). Defendant thereafter answered and its motion for summary judgment was granted. We conclude that although plaintiff's complaint, when liberally construed and accepting its allegations as true, states a cause of action, the record now before us establishes that plaintiff does not actually have a cause of action. We, therefore, affirm Special Term's order declaring that plaintiff was not entitled to any right of implied indemnification from defendant.

Subdivision 1 of section 388 of the Vehicle and Traffic Law makes the owner of a vehicle operated in this State liable for death or injury resulting from the negligent use or operation of such vehicle by any person who is using or operating the vehicle with the owner's consent. Where, as here, a tractor unit and a trailer unit are operated as a combined rig, the statute expressly extends this liability to the owner of each unit, jointly and severally (*Mount Vernon Fire Ins. Co. v Travelers Ind. Co.*, 63 AD2d 254, 255-256, affd 47 NY2d 575). Subdivision 4 of section 388 of the Vehicle and Traffic Law requires that insurance policies issued in this State provide coverage for the liability created by the statute (see, also, Insurance Law, § 167, subd 2).

Plaintiff contends that these statutory provisions make plaintiff and defendant "coinsurers", requiring that each pay its proportionate share of any settlement. We disagree. Concurring coverage will be found only where each insurer provides coverage for the same interest and against the same risk (see *Medical Malpractice Ins. Assn. v Medical Liab. Mut. Ins. Co.*, 86 AD2d 476, 478-479, mot for lv to app den 57 NY2d 604). The coverage required by section 388 of the Vehicle and Traffic Law is for the liability of the owner of each unit. While that liability may be joint and several

with respect to injured third parties, the owners' interests are separate and distinct insofar as their rights and their insurers' rights vis-à-vis each other are concerned (see *Fidelity & Cas. Co. v Cosmopolitan Mut. Ins. Co.*, 33 NY2d 966). The statute creates no right of contribution or indemnification on behalf of plaintiff (*Travelers Ins. Co. v General Acc., Fire & Life Assur. Corp.*, 28 NY2d 458, 462-463; *Employers Mut. Liab. Ins. Co. v Indemnity Ins. Co.*, 37 Misc 2d 421, 424-426 [cited with approval in *Travelers Ins. Co. v General Acc., Fire & Life Assur. Corp., supra*]).

Having so concluded, we turn next to the insurance policies, which provide the only remaining basis asserted by plaintiff for its claim. The relevant provisions in defendant's policy are identical to those contained in plaintiff's policy. Each includes as an additional insured any person operating an owned vehicle with the insured's permission. Since the trailer constituted an owned vehicle pursuant to the terms of defendant's policy, and since the driver concededly was using or operating the trailer with the consent of defendant's insured, the driver falls within the definition of an additional insured, which served as the basis for this court's prior holding that, on its face, plaintiff's complaint stated a cause of action. On this motion for summary judgment, however, defendant has established that an exclusion is applicable.

Each policy excludes as an insured:

"any person or organization, other than the named insured, with respect to:

"(1) a motor vehicle while used with any trailer owned or hired by such person or organization and not covered by like insurance in the company * * * or

"(2) a trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company".

In construing such an exclusion and its effect upon an additional insured clause identical to that herein, with respect to insurers of a tractor unit and trailer unit operated in combination, the Court of Appeals concluded that "[n]either owner is insured under the other's policy" (*Travelers Ins. Co. v General Acc., Fire & Life Assur. Corp.*, 28

NY2d 458, 462, *supra*). The court also found that the lessee of both units was not an insured and, further, that the lessee's employee, who was driving the combined rig at the time of the accident, was also excluded as an additional insured. In reaching the latter result, the court explained that "[t]o hold otherwise deprives the exclusionary language in each policy of any practical meaning in the case of corporate lessees, which perforce act through employees" (*supra*, p 462). Since corporate owners "perforce act through employees", it follows that where, as here, a corporate owner is excluded, its employee-driver must also be excluded. Accordingly, plaintiff's claim based upon the theory that both insurance policies included the driver as an insured must fail.

We note that the issue in *Travelers Ins. Co. v General Acc., Fire & Life Assur. Corp.* (*supra*) was not whether the two were concurrently liable, but rather, the issue was what portion of the settlement arranged by the insurer for the tractor unit should be paid by the insurer for the trailer unit. To determine how to calculate the apportionment, the court first sought to determine the basis of the trailer insurer's liability to the tractor insurer. The court found (p 463) that "neither the statute (Vehicle and Traffic Law, § 388, subd. 1) nor the policies provide any cannon for contribution". The sole basis for liability was found to be the insurers' stipulation that they were concurrently liable. No such stipulation was made here.

We note that application of the exclusion in this case is not in conflict, either directly or indirectly, with the requirements of section 388 of the Vehicle and Traffic Law. This is not a case where the exclusion is being asserted to the detriment of the rights of injured third parties (see *Mount Vernon Fire Ins. Co. v Travelers Ind. Co.*, 63 AD2d 254, 256, *supra*). Rather, the exclusion is being applied only for the purpose of determining the insurers' rights vis-à-vis each other. Indeed, the exclusion, by its own terms, does not apply to the named insured and, therefore, the policy's coverage of the trailer owner for liability imposed by section 388 of the Vehicle and Traffic Law remains unaffected.

Special Term's order granting summary judgment to defendant should be affirmed.

KANE, J. (dissenting). As this court decided when the matter was before us on a prior occasion, a specific provision of the insurance policy issued to the owner of the trailer named and included the driver of the tractor as an additional insured (*Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.,* 78 AD2d 176, 178). The language of the exclusion contained in that policy quoted by the majority is not applicable to this driver, since as driver of the tractor, he has not hired and does not own the trailer (see *General Mut. Ins. Co. v Sun Ins. Co.,* 24 AD2d 135). Moreover, the very regulation which enumerates the permissible exclusions in an "owner's policy of liability insurance" does not include an exclusion of the driver as an insured (11 NYCRR 60.2). Thus, if we were to read such an exclusion into the policy, it would be "without the approval or protection of the law" (*Rosado v Eveready Ins. Co.,* 34 NY2d 43, 48).

Consequently, upon the theory of implied indemnification, a cause of action exists in favor of plaintiff against defendant by virtue of the specific provisions of the policy of insurance issued upon the trailer, and defendant's motion for summary judgment should not have been granted (*Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co., supra*). Plaintiff's cross motion for summary judgment should be granted declaring defendant liable to indemnify plaintiff for a ratable share of the claim settled by plaintiff according to the respective insurer's total liability exposure for a group of claims arising from a single accident (see *Travelers Ins. Co. v General Acc., Fire & Life Assur. Corp.,* 28 NY2d 458).

MAHONEY, P. J., WEISS and LEVINE, JJ., concur with CASEY, J.; KANE, J., dissents in an opinion.

Order affirmed, with costs.