■ GINO DONATO et al., Plaintiffs, v CITY OF NEW YORK, Defendant. (And a Third-Party Action.) (Action No. 1.) GINO DONATO et al., Plaintiffs, v BROOKLYN NAVY YARD DEVELOPMENT CORP. et al., Defendants. MIDLAND INSURANCE COMPANY, Added Appellant-Respondent; ZURICH INSURANCE COMPANY, Added Respondent-Appellant. (Action No. 2.)—In consolidated actions to recover damages for personal injuries, etc., Midland Insurance Company appeals from (1) an order of the Supreme Court, Kings County (Spodek, J.), dated November 4, 1987, which, *inter alia,* determined that it was to pay the plaintiffs $500,000 of the $800,000 for which the action had been settled and that it was estopped from denying coverage to the Brooklyn Navy Yard Development Corporation, C.L.I.C.K. Division, (2) a judgment of the same court entered February 24, 1988, which is in favor of the plaintiffs and against it in the amount of $500,000, and (3) so much of an order of the same court, dated June 22, 1988, as, upon reargument, adhered to the original determination. Zurich Insurance Company has filed notices of appeal from the order dated November 4, 1987, and from the judgment.

Ordered that the appeals by Zurich Insurance Company are dismissed as abandoned; and it is further,

Ordered that the appeals from the order dated November 4, 1987, and from the judgment entered February 24, 1988, are dismissed, as that order and the judgment were superseded by the order dated June 22, 1988, made upon reargument; and it is further,

Ordered that the order dated June 22, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that Zurich Insurance Company is awarded one bill of costs.

As landlord, the defendant Brooklyn Navy Yard Development Corporation, C.L.I.C.K. Division (hereinafter BNY), entered into a lease with the defendant Coastal Dry Dock & Repair Corporation (hereinafter Coastal) as tenant. The lease contained an article 15 which, *inter alia,* obligated Coastal to indemnify BNY on all claims arising from Coastal's negligence, but did not require Coastal to indemnify BNY for BNY's own negligence. Article 15 obligated Coastal to "resist or defend" BNY with regard to any action or proceeding based upon any such claim, and BNY retained a qualified right to approve choice of counsel.

The plaintiff Gino Donato was injured while on the premises rented by Coastal, and in February 1984 direct actions and third-party actions were instituted against, *inter alia,* BNY and Coastal. BNY, through counsel chosen by its insurer Zurich Insurance Company (hereinafter Zurich), answered the complaint and the third-party complaint. Both the answer and the third-party answer interposed a cross claim for indemnity and contribution from Coastal.

By letter dated November 1, 1984, Zurich formally requested of Coastal that it provide indemnification and take over BNY's defense pursuant to the lease arrangement. In January and February 1985 Coastal's insurance company, Midland Insurance Company (hereinafter Midland) appointed outside counsel to assume BNY's defense. BNY was contacted and informed of the appointment of outside counsel, and BNY's counsel agreed to forward all files in the action.

Midland's appointed counsel appeared on behalf of BNY at an April 1, 1986, settlement conference. As a result of a stipulation entered into at that time, all parties agreed that BNY and Coastal would pay the settlement of $800,000 in proportion to their coverage, and that Midland would pay the claim if it were held responsible under the terms of the insurance and the indemnification provision. The parties also agreed that the court would determine the applicability of the

lease indemnification provision and the insurance policies, and that Midland and Zurich would be added as party defendants. During this settlement conference, BNY's appointed counsel indicated that he had contacted Midland and had obtained its authorization to enter into the stipulation on Midland's behalf.

Subsequently, the Supreme Court determined, *inter alia,* that while BNY employees were negligent and BNY could not seek indemnification from Coastal under the lease, the unequivocal assumption of the defense of BNY by Midland equitably estopped Midland from denying coverage. Since Midland was estopped from denying coverage, and because the terms of the settlement agreement required Midland to contribute to the settlement to the full extent of its coverage, the Supreme Court concluded that Midland was obligated to pay that amount, to wit, $500,000, and that Zurich was obligated to pay the remaining $300,000.

We agree with the determination by the Supreme Court.

Although neither Zurich nor BNY was insured under the Midland policy, Midland voluntarily assumed BNY's defense upon BNY's request, in recognition of the indemnification and defense arrangement between Coastal and Midland under the lease *(cf.,* Insurance Law § 3420 [b] [2]; *see also, Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 79). In seeking to prevent application of estoppel coverage, Midland asserts the lease indemnification provision creates contingent liability, while the separate obligation to defend BNY under the lease was mandatory. However, such a construction creates an untenable conflict of interests since it would clearly be in Midland's and Coastal's interests to obtain a judgment finding BNY negligent. To construe the lease obligations in accordance with Midland's interpretation would permit Midland to control BNY's case, allowing a finding of negligence, and thereafter raise BNY's negligence as a defense to Coastal's contractual indemnification, thereby obviating Midland's potential liability.

Thus, by unqualifiedly assuming control of BNY's defense Midland was estopped from relying on that provision of the lease by which Coastal was not required to indemnify BNY for BNY's own negligence *(cf., Gerka v Fidelity & Cas. Co.,* 251 NY 51, 56-57; *Hartford Acc. & Indem. Co. v Insurance Co.,* 80 AD2d 842; *Reliance Ins. Cos. v Daly,* 38 AD2d 715, 716; *see also, Cornwell v Safeco Ins. Co.,* 42 AD2d 127, 130, 135-137). Zurich's presence and participation in the settlement does not prevent it from asserting that Midland is estopped from

disclaiming coverage *(cf., County of Sullivan v State of New York,* 137 AD2d 165, 169). Finally, since Midland's primary coverage is based upon estoppel, rather than upon coinsurance policies or contribution principles, application of the principle of pro rata coverage is inappropriate under the circumstances of this case *(cf., O'Dowd v American Sur. Co.,* 3 NY2d 347, 355-356; *J.P. Realty Trust v Public Serv. Mut. Ins. Co.,* 102 AD2d 68, 71-73, *affd* 64 NY2d 945; *Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.,* 78 AD2d 176, 179, *appeal after remand* 100 AD2d 318, *affd* 64 NY2d 840).

We have considered Midland's remaining contentions and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.