OPINION OF THE COURT
Robert W. Doyle, J.
On August 21, 1986 Debra Slabic, while operating her own *473 automobile, was struck and injured by a tractor trailer combination being operated by defendant Robert Hendrickson. Defendant Hendrickson was the owner of the tractor. Holmes Transportation, Inc. owned the trailer.
On October 30, 1989 the claim of Debra Slabic was settled in the amount of $75,000 subject to the consent of plaintiff, with the understanding the moneys would not be paid to the plaintiff until issues of insurance coverage are decided.
For the purposes of the stipulation, it was agreed that the tractor and the trailer were attached at the time of the accident and were operating as a single unit and that no claim was made of a defect in either the tractor or the trailer; that Central Mutual Insurance Company had issued a basic automobile policy in the amount of $100,000/$300,000 to the owner-operator of the tractor and that Liberty Mutual Insurance Company had issued a trucker’s policy in favor of the trailer’s owner, Holmes Transportation, Inc., with applicable limits in the amount of $1,000,000 per occurrence for bodily injury liability; that both policies were in full force and effect at the time, place and happening of the occurrence.
It is the contention of Central Mutual that under the applicable policies and existing case law, both Central Mutual and Liberty Mutual must concede coverage to the full extent of their policies (Mount Vernon Fire Ins. Co. v Travelers Indem. Co., 90 Misc 2d 717, mod 63 AD2d 254) and that payment from each carrier should be apportioned on the basis the limits of its policy bears to the total applicable limits of liability of all valid and collectible insurance, i.e., since Liberty Mutual’s policy carries a limit of $1,000,000, its liability is governed by the ratio of $1,000,000 to all applicable insurance, that being $1,100,000 or 10A i of the settlement amount (citing Travelers Ins. Co. v General Acc., Fire & Life Assur. Corp., 28 NY2d 458).
In Mount Vernon v Travelers (supra), the court rejected the contention of the trailer liability carrier that it need not provide coverage for its liability-insured trailer because the trailer liability policy excluded coverage for a trailer when used in combination with a tractor owned or hired by the insured which was not covered by like insurance "in the company”.
The court found such an exclusionary clause to be invalid as contrary to public policy requiring mandatory insurance and upon the further ground the exclusionary clause was abhorrent to antimonopoly legislation.
*474 The exclusionary clause Liberty Mutual relies upon recites in endorsement relative to primary and excess coverage, in pertinent part, the following:
"1. This policy’s liability coverage is primary for any covered auto while hired or borrowed by you and used exclusively in your business as a trucker and pursuant to operating rights granted to you by a public authority. This policy’s liability coverage is excess over any other collectible insurance for any covered auto while hired or borrowed from you by another trucker. However, while a covered auto which is a trailer is connected to a power unit, this policy’s liability coverage:
"a. Is on the same basis, primary or excess, as for the power unit if the power unit is a covered auto;
"b. Is excess if the power unit is not a covered auto.”
The court finds no public policy infirmity in the subject clause such as rendered the exclusionary clause in Mount Vernon’s policy invalid. The circumstances under which the trailer is used determines only whether the coverage provided is primary or excess and in neither case does it undermine State policy requiring mandatory insurance coverage. In either case, the rights of the injured third parties are unaffected by the exclusion. Coverage under the policy will be primary if the trailer is connected to a covered auto and excess if connected to a noncovered auto. "[T]he exclusion is being applied only for the purpose of determining the insurers’ rights vis-á-vis each other” (Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co., 100 AD2d 318, 321).
Inasmuch as Liberty Mutual is an excess carrier as to the power unit by reason of the exclusionary clause, the pro rata rule of contribution is inapplicable.
Although both Hendrickson, the tractor owner and driver, and Holmes, the trailer owner, are jointly and severally liable to the plaintiff under Vehicle and Traffic Law § 388 (Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co., supra) as between themselves, Holmes, the vicariously liable owner, is entitled to recover over against Hendrickson, the party whose active negligence brought about its liability. Since the settlement amount is lower than the coverage afforded Hendrickson by his carrier, the entire amount of the settlement shall be borne by defendant Hendrickson.