OPINION OF THE COURT
Eli Wager, J.
In this action, plaintiff Home Insurance Company seeks a judgment against defendant Travelers Insurance Company as contribution towards the settlement of a separate action, Tarantino v City of New York, Fidelity Serv. Corp., Lehrer McGovern, Inc. and DeMilo Constr. Corp. This action was tried before the court without a jury.
Anthony Tarantino sustained personal injuries in a con *480 struction site accident. The owner of the construction site was Fidelity Service Corporation (Fidelity). The project manager retained by Fidelity was Lehrer McGovern, Inc. (Lehrer McGovern). As part of its responsibilities Lehrer McGovern coordinated all subcontracts made with the owner. One of the subcontractors was the DeMilo Construction Corp. (DeMilo). At the time of the accident Fidelity and Lehrer McGovern were insured by defendant Travelers Insurance Company (Travelers). DeMilo was insured by plaintiff Home Insurance Company (Home). In the subcontract, article 11, DeMilo agreed to defend and indemnify both Fidelity and Lehrer McGovern for losses and liabilities arising out of work which DeMilo contracted to perform at the construction site. The subcontract also obligated DeMilo to provide Fidelity and Lehrer McGovern with comprehensive general liability insurance. Pursuant to the provisions of the subcontract, DeMilo obtained coverage with plaintiff Home Insurance Company for itself and arranged for Fidelity and Lehrer McGovern to be named as additional insureds under said Home policy.
Mr. Tarantino sustained injuries when he tripped over certain debris at the work site and commenced an action against, inter alia, Fidelity, Lehrer McGovern and DeMilo. Originally, Travelers assigned attorneys to represent its insureds Fidelity and Lehrer McGovern. However, at a later date, Travelers issued a letter demanding Home assume the defense of Fidelity and Lehrer McGovern. In a later letter Travelers indicated that DeMilo had an obligation to defend and indemnify Lehrer McGovern and Fidelity. Thereafter, Home commenced its defense of Lehrer McGovern and Fidelity and a formal substitution of attorney was executed. Home assigned outside counsel to defend Lehrer McGovern and assigned its house counsel to defend Fidelity. DeMilo was represented by separate outside counsel.
The underlying action ultimately settled for $450,000 shortly before trial. A Travelers’ representative present at the settlement conference refused to consent to the settlement. Home claims that Travelers refused to settle because it wanted to see the liability case tried so that an apportionment of liability by a jury would be made with respect to each defendant. While Home claims Travelers never indicated that it was not involved in a concurrent insurance status, Travelers claims that Home had assumed full control of the lawsuit and had the full responsibility to defend and indemnify Fidelity and Lehrer McGovern.
*481 The case settled, with liability divided, unilaterally by Home, equally among the three defendants. Thus, each defendant was responsible for $150,000. However, it appears that the ultimate payments by Home to Tarantino were assigned by Home in the following amounts — $50,000 on behalf of Fidelity, $200,000 on behalf of Lehrer McGovern and $200,000 on behalf of DeMilo. Home now seeks reimbursement of some of these payments made on behalf of Fidelity and Lehrer McGovern.
"The law is well settled that where different insurers provide coverage for the same interest and against the same risk, concurrent coverage exists” (Federal Ins. Co. v Empire Mut. Ins. Co., 181 AD2d 568, 569 [1st Dept 1992]).
Counsel for plaintiff correctly notes that both the Home policy and the Travelers policy contain identical provisions regarding "other insurance”. The court also agrees that the endorsement on the Travelers policy which seems to indicate that Travelers was excess only over other existing coverage is applicable only to coverage outside the United States, its territories or possessions or Canada.
However, while it has been held that where two policies contain the same language with respect to definitions of insured and the definitions of primary and excess insurance, both insurance companies must contribute equally (see, J. P. Realty Trust v Public Serv. Mut. Ins. Co., 102 AD2d 68 [1st Dept 1984], affd 64 NY2d 945 [1985]), under the circumstances present here the court cannot award a judgment to plaintiff reflecting such an apportionment.
By controlling the litigation in the case and the resulting settlement, plaintiff was able to arbitrarily apportion the liability among Fidelity, Lehrer McGovern and DeMilo to its own advantage.
More specifically, while Home assigned Fidelity responsibility for $50,000 of the $450,000 settlement, an examination before trial report by Raymond McGrath, attorney for Home, indicated that little if any liability existed on the part of Fidelity. Home, having assigned $50,000 of liability to Fidelity and an additional $200,000 to Lehrer McGovern, now seeks to recover a portion of these monies, which were awarded pursuant to a settlement to which defendant strenuously objected on the record.
The court holds, therefore, that by unqualifiedly assuming control of the defense of Fidelity and Lehrer McGovern and *482 by arbitrarily apportioning liability among its insureds over the objection of Travelers, Home is estopped from seeking contribution from Travelers (see, Donato v City of New York, 156 AD2d 505 [2d Dept 1989] [which held that where an insurer’s primary coverage is based upon estoppel, application of the principle of pro rata coverage is inappropriate]). Accordingly, plaintiffs complaint is dismissed.