■ NATIONAL CONTINENTAL INSURANCE COMPANY, Respondent, v COUNTRYWIDE INSURANCE, Appellant, et al., Defendants. [976 NYS2d 67]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered June 20, 2013, which granted plaintiff National Continental Insurance Company's motion for a declaratory judgment that defendant Countrywide Insurance was obligated to provide primary coverage to defendant Disano Construction Co. in an underlying personal injury action commenced by defendant Mary Reyes, and denied Countrywide's cross motion for summary judgment to declare that National was required to provide primary coverage for Disano Construction or, in the alternative, that the parties herein were coinsurers for the loss, unanimously affirmed, with costs.

On or about May 6, 2008, defendant Paulino Faustino was operating a 2004 Peterbilt tractor (the Peterbilt) owned by defendant Disano Trucking. Faustino was towing a 2001 Talbert trailer (the Talbert) owned by defendant Disano Construction. The Peterbilt was insured by plaintiff National, the Talbert by defendant Countrywide. National sought a declaration that its coverage was secondary, or excess, to the coverage of Countrywide, which was to be primary vis-à-vis any accident resulting in personal injury arising from the operation of the Peterbilt

and the Talbert. The motion court correctly granted National the declaratory judgment it sought.

The policy language at issue is succinct, and "[a]n insurer is entitled to have its contract of insurance enforced in accordance with its provisions and without a construction contrary to its express terms" (*Broad St., LLC v Gulf Ins. Co.*, 37 AD3d 126, 131 [1st Dept 2006]).

National's policy provides primary coverage for a trailer if it is owned by the insured, Disano Construction, and both the tractor and trailer involved in the accident are listed on the policy's declarations page. If not, coverage is excess. Neither of the two conditions for primary coverage was present here. The Countrywide policy, by contrast, provides primary coverage for the tractor and any trailer connected to it. Based on this clear language, Countrywide's policy was primary, with National's coverage to be excess.

Countrywide's arguments to the contrary are unavailing (*see e.g. Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.*, 100 AD2d 318 [3d Dept 1984], *affd* 64 NY2d 840 [1985]). Concur—Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ.