Breitel, J.
 

 The action is between the separate liability insurers of a tractor and trailer, used in combination, which while negligently driven caused personal injuries to a number of bus passengers in a collision with the bus. Plaintiff: insurer for the tractor settled with the bus passengers and the issue is what portion of the settlement should be paid by the insurer for the trailer.
 

 The parties submitted the case on agreed facts under CPLR 3222. The trial court rendered judgment requiring defendant insurer for the trailer to pay half the total settlement figure, namely, $22,488.08. The Appellate Division unanimously affirmed (34 A D 2d 897).
 

 
 *461
 
 Conceding liability for contribution, the trailer insurer appeals, contending, however, that it should not be liable for more than one sixth of the settlement. It urges that its share should be proportionate to the respective policy limits for single claims. The tractor insurer argues that absent a specifically applicable policy provision the liability is joint and equal and, therefore, should be shared equally. In the alternative it argues that it should receive a two-sevenths contribution from the trailer insurer.
 

 There should be a modification to limit the contribution of the trailer insurer to two sevenths of the settlement total, that being the ratio of the accident, rather than the individual claim, limit in the trailer policy to the sum of the accident limits in all the applicable insurance.
 

 The tractor was owned by Jersey Truck Renters, Inc., and the trailer, a semitrailer, was owned by B & B Truck Renters. In 1959 each element was rented to Grand City (Grand City Container Corporation and its affiliate, Federal Carton Corporation). Driven as a unit by Grand City’s employee, the combination collided with a bus in New York City. The tractor insurers investigated the claims of the bus passengers, settling and paying nine claims totaling $44,976.16, in a range from $300 to $20,000. The limits of the tractor insurance were $500,000 for each claim and $750,000 for a single accident. The trailer policy limits were $100,000 and $300,000. The trailer insurer stipulated that the settlements were reasonable and that it is obligated to share in their payment. The only dispute between the insurers, and the sole issue for judicial determination, is the apportionment.
 

 The Vehicle and Traffic Law imposes joint and several liability upon both the tractor owner and trailer owner for the negligent use or operation of the tractor-trailer combination (§ 388, subd. 1). The owner of each element is covered by his respective insurance policy against the total liability imposed by statute (Insurance Law, § 167, subd. 2; Vehicle and Traffic Law, § 388, subd. 4).
 

 Each of the insurers, under the provisions of its policy, excludes coverage for others than the named insured. Thus,
 
 *462
 
 each policy, except as to the named insured, denies coverage if the tractor or trailer is used with it complementary element, if owned or rented by the user, but without insurance from the issuer of the policy. Because of this provision, and despite the “additional insured ” clause in each of the policies which makes anyone operating the insured vehicle with consent of the named insured an additionally insured person, there is no concurrent insurance for the same risk. If there had been, the policy provision directing contribution proportionate to the respective limits of concurrent policies of insurance would be applicable. The “other insurance” clause reads as follows: “ If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss ”,
 

 In an unusually thorough analysis, in a dispute as here between the insurers of a tractor and trailer, the late Mr. Justice Gelleb developed the reasoning why, as a result of the inter-meshing of statutory mandated liabilities and the policy provisions, there is no concurrent or overlapping insurance of the same risk and why, therefore, the policy provision for proportionate contribution was not applicable (see
 
 Employers Liab. Co.
 
 v.
 
 Indemnity Ins. Co.,
 
 37 Misc 2d 421, esp. 424-426; accord,
 
 Hiscock
 
 v.
 
 Kuinlan,
 
 62 Misc 2d 842, 845-847; cf.
 
 Mondelli
 
 v.
 
 Harrison Hub, Bed & Spring Co.,
 
 10 Misc 2d 883, 886, 888). Neither owner is insured under the other’s policy. Nor does Grand City as the lessee of the combination qualify as an additional insured concurrently under each of the trailer and tractor policies. They are excluded from such status under each policy because of the conditions attached when tractor and trailer are used together and are not insured by the same insurer. Since the lessee is excluded, its employee, the driver, should also be excluded as an additional insured (but see
 
 General Mut. Ins. Co.
 
 v.
 
 Sun Ins. Co.,
 
 24 A D 2d 135, 136). To hold otherwise deprives the exclusionary language in each policy of any practical meaning in the case of corporate lessees, which perforce act through employees.
 

 
 *463
 
 On this analysis neither the statute (Vehicle and Traffic Law, § 388, subd. 1) nor the policies provide any canon for contribution. CPLIt 1401 does not apply in the absence of a single judgment against joint tort-feasors, in which case, of course, there would be an equal sharing of liability. There is, to be sure, the well-settled equitable right to contribution, where there is concurrent insurance even in the absence of a policy provision for apportionment. Of course, and the parties have the power to make the law of their own case, there is the stipulation in this case that the insurers are concurrently liable.
 

 In the absence of statute or contrary policy provisions fire and marine insurers sharing a risk are entitled to contribution in proportion to the policy limits (see
 
 Brown & Krueger Inc.,
 
 v.
 
 Firemen’s Ins. Co. of Newark, N.
 
 J., 6 A D 2d 780, affd. 17 N Y 2d 698, involving a single claim;
 
 Thurston
 
 v.
 
 Koch,
 
 4 Dall. [4 U. S.] 348, 351, citing,
 
 inter alia, Newby
 
 v.
 
 Reed,
 
 1 W. Bl. 416;
 
 Godin
 
 v.
 
 London Assur. Co.,
 
 1 Burr. 489, 492 [Mansfield, L. C. J.]; 6 Appleman, Insurance Law and Practice [1942], § 3902; 7 Cooley’s Briefs on Insurance [2d ed.], p. 6609; 16 Couch, Insurance [2d ed.], § 62.2; 2 Richards, Insurance [5th ed.], § 175; cf. 57 N. V. Jur., Suretyship and Guaranty, § 377, on apportionment between cosureties according to the liability they have assumed).
 

 Hence, if analogous precedent and principle are followed, there should be a proportionate contribution in this case, not according to the limits for each claim but according to the limits for each accident since the settlements in this case were for a group of claims arising from a single accident. Actually, equally balancing arguments can be made to justify equal sharing or proportionate sharing (see
 
 Cosmopolitan Mut. Ins. Co.
 
 v.
 
 Continental Cas. Co.,
 
 28 N. J. 554, 564, apportioning in equal shares because policy limits do not correspond ratably with premiums;
 
 Lamb-Weston
 
 v.
 
 Oregon Auto. Ins. Co.,
 
 219 Ore. 110, 133-138, applying policy limits for purposes of contribution but on the basis that they reflect benefits received, that is, premiums). Since there is no predominance of authority or analysis one way or the other it would seem better to follow precedents and principles most analogous. Notably, the insurers under the policies in suit show a preference for pro
 
 *464
 
 portionate sharing in the ‘ ‘ other insurance ’ ’ clause applicable to concurrent insurance. Moreover, the very stipulation that the insurers are “ concurrently ” liable smacks of the proportionate clause applicable to concurrent or overlapping insurance. Certainty for the insurers is most important and the mode of apportionment is of little ultimate significance; the cost is eventually reflected in the premiums paid for insurance, one way or the other. Moreover, if insurers prefer another mode of apportionment they are free under the statutes, as they now read, to change the mode by appropriate provisions in their policies as they have done from time to time with respect to proportionate concurrent insurance, excess insurance, and the like.
 

 What is important, too, is that the problem in this case is not that of mutually canceling excess insurance clauses (see
 
 Federal Ins. Co.
 
 v.
 
 Atlantic Nat. Ins. Co.,
 
 25 N Y 2d 71, 78-79;
 
 Cosmopolitan Mut. Ins. Co.
 
 v.
 
 Continental Cas. Co.,
 
 28 N. J. 554, 565,
 
 supra)
 
 nor of other situations where there are conflicting “other insurance ” clauses (see
 
 Davis
 
 v.
 
 De Frank,
 
 33 A D 2d 236, affd. 27 N Y 2d 924; Ann., Liability Insurers — Apportionment, 76 ALB 2d 502, discussing apportionment between concurrent insurers where one policy has an excess insurance clause and the other a proportionate insurance clause; Ann., Liability Insurance — Apportionment, 69 ALB 2d 1122, where both policies contain excess insurance clauses; Ann., Liability Insurers — Apportionment, 46 ALB 2d 1163, where one policy withholds coverage if there is “other insurance” and the other policy contains either an excess or a proportionate insurance clause).
 

 Accordingly, the order of the Appellate Division should be modified, without costs, to direct contribution in the ratio that the respective policy accident limits bear to the total valid and collectible insurance.
 

 Chief Judge Ftjld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
 

 Ordered accordingly.