[L.A. No. 30225. In Bank. July 25, 1974.]

TRAVELERS INDEMNITY COMPANY, Plaintiff and Respondent, v. RELIANCE INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Robert P. Dorsey, Veatch, Snow, Carlson, Dorsey & Quimby and Henry F. Walker for Defendant and Appellant.

Eugene D. Hillman, Kenneth H. Wechsler and Schell & Delamer for Plaintiff and Respondent.

**OPINION**

**BURKE, J.**—This is an action for declaratory relief and money paid, brought by the Travelers Indemnity Company (Travelers) against Reliance Insurance Company (Reliance). In this case we consider the method of proration between two liability insurance carriers, each of which has

provided coverage for the same insured.[1] Neither party disputes the finding of the trial court that both policies were primary, and equally available to cover the insured. Accordingly, the sole issue on this appeal is whether the trial court properly prorated the liability between the parties. We have concluded that the trial court's formulation was incorrect, and that the judgment should be reversed.

The facts in this case were stipulated, and may be summarized as follows: On June 24, 1964, a charter bus was transporting members of the Los Angeles Chinese Drum and Bugle Corps when an accident occurred. As a result of this accident, three persons were killed, thirty were injured, and some musical instruments were damaged.

At the time of the accident, two liability insurance policies were in effect. Travelers had issued a policy to the operators, City School Bus System and Orange County Bus System as named insureds. Standard Accident Insurance Company (since succeeded by defendant Reliance) had issued a policy to the owners of the bus, Bus and Truck Repair Company, Inc., as named insured.

Various tort actions were filed, alleging, inter alia, negligence in the maintenance and operation of the bus. Defense of these actions on behalf of the bus operators was tendered to and refused by Reliance. Thereafter, all claims were settled and paid by Travelers and Firestone Tire & Rubber Company.[2] Reliance did not pay any part of the settlement and defense costs, and Travelers instituted this action to determine the amount Reliance should contribute.

In addition, the trial court found that (1) Travelers' policy provided single limit (i.e., "per accident") coverage for bodily injury, death and property damage to the extent of $310,000; (2) Reliance's policy provided coverage for bodily injury/death to the extent of $100,000 per person and $300,000 per accident, and property damage coverage to the extent of $100,000 per accident; and (3) each of the policies contained identical "Other Insurance" clauses which read as follows: "If the insured has other

---

[1]This action arose out of a charter bus accident. Travelers' named insured was the operator of the bus; Reliance's named insured was the owner of the bus. The trial court found, however, that Reliance's policy also provided coverage to the operator. This finding is not disputed on appeal.

[2]The amount paid by Firestone's insurance carrier is not in issue in the instant case; we are only concerned with prorating between Travelers and Reliance the amount of the total settlement actually paid by Travelers. Travelers paid $90,898.16 out of a total settlement of $242,395.10. These amounts include property damage claims totaling $636.10, of which Travelers paid $238.54. Travelers also incurred $16,627.57 in legal costs in connection with defense of the damage actions.

insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss . . . ."

The trial court prorated the amount paid by Travelers between Travelers and Reliance, as set out in the margin.[3]

As noted above, each of the policies provides for proration of the insured's loss in the proportion that "the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss." Our task is to determine which of the various limits in the subject policies must be used in such a formulation. In so doing, we must take into account the fact that the controversy before us arises out of one accident involving multiple claims which, separately and in the aggregate, were settled well within the "per person" and "per accident" limits of both insurers. We do not intend to suggest that a more equitable formula might not be appropriate in other factual situations.

Reliance contends that its "applicable limit of liability" is the $100,000 "per person" limitation in its policy, and that Travelers' applicable limit is its $310,000 "per accident" limit. Under Reliance's formula, Reliance would pay 100/410ths and Travelers 310/410ths of the settlement and defense costs. In other words, Travelers would pay roughly three times as much as Reliance, despite the fact that each policy contained substantially equivalent "per accident" coverage ($310,000 and $300,000 respectively).

■ Travelers challenges this method, contending that where there

---

[3]The trial court first apportioned the amount paid by Travelers to the claimants (i.e., $90,898.16) without regard to the character of Travelers' payment (i.e., it aggregated the property damage claims with the injury/death claims) and arrived at the following amounts: Travelers' share—$34,574.24; Reliance's share—$56,323.49. It then apportioned the amount of defense expenses incurred by Travelers, and arrived at the following amounts: Travelers' share—$1,992.34; Reliance's share—$14,635.23. It also awarded interest to Travelers on the aggregate amount owing from Reliance.

The trial court's allocation formula, which evidently neither Travelers nor Reliance now defends, is a complex one resulting from an attempt to determine the percentage of Travelers' single limit policy which can be attributed to "per person" coverage. Rather than unnecessarily confuse the issue, we refrain from setting forth the trial court's formula, which in any event appears to contain an arithmetic miscalculation regarding the allocation of the total claims of $90,898.16. (See fn. 2, *ante.*) It seems sufficient to point out that under the trial court's formula, Travelers, whose policy afforded the greater coverage, would have paid substantially less than Reliance. Both parties appear to agree that this result would have been inequitable.

are multiple claims arising from a single accident, and no one claim is settled in excess of the "per person" limitation in either policy, the apportionment formula should use the "per accident" limits of both contributing insurance policies, i.e., $300,000 for Reliance and $310,000 for Travelers, for a total amount available for apportionment of $610,000. Thus, under this method, Reliance would pay 300/610ths and Travelers would pay 310/610ths of the settlement and defense costs, roughly an even division of the amount to be apportioned.

We agree with Travelers, and hold that with respect to the bodily injury/ death claims and the costs of defense, the "per accident" limit of Reliance's policy should be used in the apportionment formula. Certainly, had Reliance been the only insurer of City School Bus System, it could not argue that its liability would be limited to the "per person" amount specified in its policy. Although it would not be liable to any one person in an amount greater than that limit, its liability for the aggregate number of claims would extend to its "per accident" limit. We fail to comprehend why, either from a logical or equitable basis, the amount of Reliance's contribution in this case should be limited in any way by its "per person" limitation.

Reliance contends, however, that we should treat each individual claim separately in allocating payment of the claims between the insurers. Thus, according to Reliance's formula, the "applicable limit of liability" for each claim would be Reliance's $100,000 per person limitation and Travelers' $310,000 single limit coverage. Under that formula each separate claim would be adjusted on the basis of a 100/410ths and 310/410ths contribution formula. However, it seems to us that to correlate these two limitations in such a manner would be to ignore the fact that this was a multiple claims accident whereunder the $100,000 limitation only provides a top limit on each claim.

Travelers' method of apportionment finds some support in the cases, although there is little authority on point. In *Government Employees Ins. Co.* v. *St. Paul Fire etc. Ins. Co.*, 243 Cal.App.2d 186 [52 Cal.Rptr. 317], the court was faced with the problem of allocating defense costs among two insurers in a situation similar to that in the instant case. One of the companies provided coverage in the amount of $100,000 per person and $100,000 for each accident and the other provided coverage of $10,000 per person and $20,000 per accident. In its method of apportionment, the court related the $100,000 single limit of the first policy with the $20,000 per accident limit of the second policy, arriving at a formula of 100/120ths

and 20/120ths as the basis on which to allocate the amount.[4] We conclude that the settlement and defense costs should be allocated on the basis of 300/610ths for Reliance and 310/610ths for Travelers.

■    We now turn to the allocation of the property damage payments. Although in this case that amount is quite small ($238.54), in another case the method of allocation could make a significant difference. In the Reliance policy, there is a *separate* per accident limit of $100,000 with respect to property damage; Travelers' single $310,000 limit also covers property damage. Our reasoning regarding the allocation of bodily injury/death settlement and defense costs leads us to conclude that the "applicable limits" for purposes of allocating property damage settlement costs are the $100,000 Reliance limit and the $310,000 Travelers' limit, resulting in a formula allocating 100/410ths of the property damage payments to Reliance and 310/410ths thereof to Travelers.[5]

The judgment is reversed and the trial court instructed to enter judgment in accordance with this opinion. Interest shall be awarded to Travelers after September 20, 1967. Costs on appeal shall be borne by Reliance and awarded to Travelers.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.

On August 28, 1974, the judgment was modified to read as printed above.

---

[4]See also *Travelers Ins. Co.* v. *General A. F. & L. Assur. Corp., Ltd.* (1971) 28 N.Y.2d 458 [322 N.Y.S.2d 704, 271 N.E.2d 542, 545] ("there should be a proportionate contribution in this case, not according to the limits for each claim but according to the limits for each accident since the settlements . . . were for a group of claims arising from a single accident"); *Allstate Ins. Co.* v. *Consolidated Mutual Ins. Co.* (1970) 35 App.Div.2d 535 [313 N.Y.S.2d 181].

[5]Although the foregoing formula appears to achieve an equitable result as applied to the facts in the instant case, some modification might be required in future cases to assure that in no event would a single limit insurer such as Travelers be required to contribute more for combined bodily injury/death and property damage claims than the single "per accident" limit in its policy. In the instant case, however, the amount which Travelers will be required to contribute under the formulas set forth above is well within its $310,000 limitation.