Argued and submitted October 20, reversed and remanded with instructions
December 4, 1986

# FOREST INDUSTRIES INSURANCE EXCHANGE,
*Respondent,*

*v.*

# VIKING INSURANCE COMPANY,
*Appellant.*

(85-0659; CA A38301)

728 P2d 943

Charles D. Harms, Portland, argued the cause and filed the briefs for appellant.

Thomas Martin, Jr., Albany, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

This case concerns a dispute between two insurance companies, each with policies containing an "other insurance" clause. The issue presented is whether the trial court applied the correct formula for calculating defendant's pro rata share of contribution pursuant to *Lamb-Weston et al v. Ore. Auto. Ins. Co.,* 219 Or 110, 346 P2d 643 (1959). We conclude that it did not and reverse.

The parties stipulated to the facts:

1. Plaintiff insured Teri Painter under an automobile liability insurance policy with a $50,000 single limit. Painter's automobile was an insured vehicle.

2. Defendant insured Judith Silvers under a policy of automobile liability insurance with a $15,000 per person, $30,000 per accident and $5,000 property damage limit.

3. Silvers was driving Painter's vehicle, with Painter's permission, and was involved in an automobile accident with a vehicle driven by Musser. Silvers is legally liable for the property damage and bodily injury caused to Musser and the occupants of his vehicle.

4. It was reasonable and necessary for plaintiff to expend the following monies in settlement and defense of the claims of Musser and his passengers:

| | |
|---|---|
| Bodily Injury | $29,766.78 |
| Property Damage | $ 2,652.00 |

The parties further stipulated that the insurers' policies contain "other insurance" clauses which are repugnant.[1]

In *Lamb-Weston et al v. Ore. Auto. Ins. Co., supra,* the court held that when two insurance policies are applicable to the same loss in the absence of other coverage and each policy

---

[1] Plaintiff's policy contains a "pro rata" clause:

"If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses."

Defendant's policy contains an "excess" clause: "This insurance is excess for the use of any *car* not owned by *you.*" (Emphasis in original.)

attempts to limit its coverage by reason of the existence of "other insurance," the other insurance clauses are to be disregarded. 219 Or at 128-29. The liability for the loss is then prorated according to the applicable limits of each policy. 219 Or at 137-38.

Defendant objects to the trial court's method of prorating its share of contribution[2] on two grounds. First, it contends that the "applicable limit" of liability to be used in the *Lamb-Weston* proration is its "per person" limit of $15,000, not its "per accident" limit of $30,000. Defendant argues:

> "The per accident limit is the cap on how much defendant is obligated to pay and comes into play only if the monetary loss of the multiple claimants situation equals or exceeds the cap. To hold otherwise ignores the distinction and treats a per person/per accident * * * policy as a single limit policy, which it is clearly not."

■ We disagree and conclude that the better rule is to use the per accident limits of both contributing insurance policies, i.e., $30,000 for defendant and $50,000 for plaintiff, when there are multiple claims arising from a single accident. *See Travelers Indemnity Co. v. Reliance Insurance Co.,* 12 Cal 3d 133, 115 Cal Rptr 232, 524 P2d 360 (1974); *Travelers Ins. Co. v. General A., F. & L. Assur. Corp., Ltd.,* 28 NY2d 458, 322 NYS2d 704, 271 NE2d 542 (1971). Defendant, nevertheless, may not be held liable under its contract to any one person in an amount greater than its $15,000 "per person" limit.[3]

■ Defendant also contends that the trial court erred in failing to compute its *pro rata* share of contribution for property damage separately from its share for bodily injury. It argues that, because its policy differentiates between its policy limits for bodily injury and property damage, its *pro rata* share of contribution should similarly be divided. We agree.

As noted above, the rule in *Lamb-Weston et al v. Ore. Auto Ins. Co., supra,* disregards repugnant other insurance

---

[2] The trial court calculated defendant's pro rata share of contribution by adding its property damage policy limit of $5,000 to its per accident/bodily injury policy limit of $30,000. Defendant, therefore, was liable for 35/85 or 7/17 of the total settlement.

[3] Neither plaintiff nor defendant set forth the amount of each individual settlement.

clauses and apportions responsibility based on the applicable limits of each insurance policy. As we view it, in the case of a single limit policy, the same limit is applicable to both property damage and personal injury. A policy having multiple limits is applied according to its terms.

This conclusion is consistent with the recent decision in *Forest Ind. Ins. Exchange v. U.S. Fidelity,* 80 Or App 724, 723 P2d 381 (1986). The plaintiff's policy contained personal injury limits of $100,000 per person and $300,000 per accident and property damage coverage of $100,000 per accident. The defendant's policy provided a maximum coverage of $500,000 for combined personal and property damage per accident. 80 Or App at 727.

> "The [trial] court initially allocated responsibility for the personal injury settlements in a ratio of three-to-five, based on the $300,000 personal injury limits of plaintiff's policy and the $500,000 single limit of defendant's policy. As best we understand, the court then prorated the property damage liability by comparing the $100,000 property damage limits of plaintiff's policy with the difference between defendant's $500,000 single limit and the amount that had been charged against defendant's policy for the personal injury claims." 80 Or App at 731.

The defendant objected to the trial court's allocation of responsibility, arguing that the court should have converted the plaintiff's policy into a single limit policy by combining the property damage limit and the personal injury limit. *Forest Ind. Ins. Exchange v. U.S. Fidelity, supra,* 80 Or App at 731. We disagreed:

> "It is true that both policies insure against personal injury and property damage; however, defendant's policy does not allocate coverage for those different risks in the same way plaintiff's policy does. We discern no logical reason why plaintiff's share of the personal or property damage payments should be calculated by reference to defendant's combined limits rather than plaintiff's own limits for that kind of damage. In effect, defendant's argument is that its risk should be defined differently for purposes of proration than it is in defendant's policy. We reject that argument." 80 Or App at 732.

*See also Travelers Indemnity Co. v. Reliance Insurance Co., supra,* 12 Cal 3d at 138.

Accordingly, in this case defendant is responsible for one-eleventh of the total property damage settlement and three-eighths of the total bodily injury settlement. Although the formula adopted here increases the responsibility of the single limit policy insurer by using its single limit figure in both the property damage and the personal injury prorations, that result follows from strict adherence to the *Lamb-Weston* principle.[4] It is the policy limits that are compared, not remaining amounts available under the coverage.

■    Finally, the proper proration of attorney fees and adjusting expenses incurred in this case must be addressed. Because attorney fees and adjusting expenses are not deducted from the policy limits, we think that the most equitable apportionment formula would use the total amount each insurer had at risk. In this case, defendant had a total of $35,000 at risk and plaintiff had $50,000 at risk. *See* n 2, *supra.* Defendant, therefore, is responsible for seven-seventeenths of the attorney fees and adjusting expenses.

Reversed and remanded with instructions to enter judgment not inconsistent with this opinion.

---

[4] Although the trial court in *Forest Ind. Ins. Exchange v. U.S. Fidelity,* adopted a different proration formula, its propriety was not a question on appeal. 80 Or App 724, 732 n 4, 723 P2d 381 (1986).