(May 22, 1995)

■ ALLSTATE INSURANCE COMPANY, Appellant, v INSURANCE COMPANY OF NORTH AMERICA et al., Respondents, et al., Defendants. [628 NYS2d 137] —In an action for a judgment declaring the priority of insurance coverage in an underlying negligence action, the plaintiff Allstate Insurance Company appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 15, 1993, which (1) denied its motion for summary judgment, (2) granted the separate cross motions of the defendants Columbia Casualty Company and Insurance Company of North America for summary judgment, (3) dismissed the complaint insofar as it is asserted against those defendants, and (4) declared that the plaintiff is not entitled to

contributions from the cross-moving defendant insurance companies.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On June 2, 1985, while driving his automobile allegedly in his capacity as a volunteer for the Boy Scouts of America (hereinafter the BSA), Albert Ayala had a collision with at least two motorcycles. That lawsuit was settled and Allstate Insurance Company (hereinafter Allstate), Ayala's insurer, paid the settlement with the agreement that issues relating to the priority of coverage would be resolved later. A portion of the settlement was paid under the primary automobile policy issued to Ayala by Allstate. The remainder was paid under Allstate's "Umbrella Policy". Thereafter, Allstate brought the instant declaratory judgment action to establish the priority of coverage, contending that the primary and excess policies held by BSA must be exhausted before the excess policy Allstate issued to Ayala goes into effect. The Supreme Court dismissed the complaint, granted the cross motions for summary judgment of two of the defendant insurance companies, and declared that the plaintiff was not entitled to contributions from those defendants. We agree.

Generally, where there are multiple policies covering the same risk and each policy purports to be excess to the other, the excess coverage clauses are held to cancel each other out and each insurer contributes in proportion to its limit of insurance (see, Federal Ins. Co. v Atlantic Natl. Ins. Co., 25 NY2d 71; Atlantic Mut. Ins. Co. v Atlantic Natl. Ins. Co., 38 AD2d 517, affd 33 NY2d 817). However, this rule is inapplicable where its implementation would deny and distort the plain meaning of the terms of the policies of insurance involved (see, Lumbermens Mut. Cas. Co. v Allstate Ins. Co., 51 NY2d 651). A policy specifically shown to be excess to other excess policies creates a higher level of coverage and is not required to contribute ratably with mere excess policies (see, Allstate Ins. Co. v Farmers Ins. Group, 108 AD2d 284, 285). A reading of the policies issued by Allstate to Ayala and the Insurance Company of North America (hereinafter INA) to BSA clearly shows that INA's policy is excess to the excess liability policy of Allstate. Furthermore, the policy issued to BSA by Columbia Casualty Company provides a higher layer of coverage than that issued by INA. Hence, Allstate's policies must be exhausted before those issued to BSA can come into effect. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.