■ TRAVELERS INDEMNITY COMPANY et al., Respondents, v AMERICAN AND FOREIGN INSURANCE COMPANY, Appellant. [730 NYS2d 231] —Order and judgment (one paper), Supreme Court, New York County (Franklin Weissberg, J.), entered July 6, 2000, which granted plaintiffs' motion for summary judgment and declared that defendant must indemnify its insured for payment of any amount above plaintiff insurer's primary policy limit and within the limits of defendant's policy necessary to satisfy a judgment in the underlying action, and declared that the policy limits of defendant's excess policy must be exhausted before plaintiff insurer will be obligated under its excess policy, unanimously affirmed, with costs.

The excess insurance policy issued by plaintiff insurer is expressly excess as against all other coverage, including other excess coverage. Defendant's policy is expressly excess only as against primary coverage. The motion court therefore properly concluded that defendant cannot seek contribution from plaintiff via its excess policy (see, State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369, 375-376). In reaching this conclusion, the motion court properly declined to give evidentiary weight to the insurance procurement provisions of the subcontract between plaintiff general contractor and the injured party's employer, since it is the policy provisions that control and not the provisions of the subcontract (see, United States Fid. & Guar. Co. v CNA Ins. Cos., 208 AD2d 1163, 1165). Concur—Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.