LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants, v HARTFORD INSURANCE COMPANY OF THE MIDWEST, Respondent, et al., Defendants. [811 NYS2d 716]—

In an action for a judgment declaring, inter alia, that the plaintiff Liberty Mutual Insurance Company is entitled to reimbursement by the defendant Hartford Insurance Company of the Midwest for all sums paid by it in settlement of an action to recover damages for personal injuries and wrongful death entitled *D'Erasmo v Bennett*, commenced in the Supreme Court, Dutchess County, under index No. 4260/01, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated July 14, 2004, as denied that branch of their cross motion which was for summary judgment and granted that branch of the motion of the defendant Hartford

Insurance Company of the Midwest which was for summary judgment on its counterclaim, and (2), as limited by their brief, from so much of a judgment of the same court dated August 16, 2004, as, upon the order, (A) declared that an insurance policy issued by the plaintiff Liberty Mutual Insurance Company, policy number LJI-221-668553-001, provided the first layer of excess insurance, in the amount of $1,000,000, upon exhaustion of the $500,000 coverage afforded under an insurance policy issued by the plaintiff Liberty Mutual Fire Insurance Co., policy number A02-221-665776-001-1, and that an insurance policy issued by the defendant Hartford Insurance Company of the Midwest, policy number 13-UECIC9919, provided the last layer of excess coverage after exhaustion of the full proceeds of Liberty Mutual Fire Insurance Co.'s policy number A02-221-665776-001-1 and exhaustion of the full proceeds of Liberty Mutual Insurance Company's policy number LJI-221-668553-001, and (B) is in favor of the defendant Hartford Insurance Company of the Midwest and against the plaintiff Liberty Mutual Insurance Company in the principal sums of $500,000 for the sum paid in settlement of the underlying action, $28,278.52 for an attorney's fee, costs, and disbursements incurred in the defense of the underlying action, and $5,346.99 for an attorney's fee, costs, and disbursements incurred in the defense of the instant action.

Ordered that the appeal from the order dated July 14, 2004, is dismissed; and it is further,

Ordered that the appeal by the plaintiff Liberty Mutual Fire Insurance Co. from the judgment is dismissed as it is not aggrieved by the portion of the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as appealed from by the plaintiff Liberty Mutual Insurance Company, on the law, that branch of the motion of the defendant Hartford Insurance Company of the Midwest which was for summary judgment on its counterclaim is granted only to the extent of declaring that, as to the insured Ronald P. Anselmo, the plaintiff Liberty Mutual Insurance Company's policy number LJI-221-668553-001 provided the first and only layer of excess insurance, in the amount of $1,000,000, upon exhaustion of the $500,000 coverage afforded under Liberty Mutual Fire Insurance Co.'s policy number A02-221-665776-001-1 and that branch of the motion is otherwise denied, that branch of the plaintiffs' cross motion which was for summary judgment is granted only to the extent of declaring that, (A) as to the insureds David S. Bennett and Proguard Security and Fire Systems, Inc., the de-

fendant Hartford Insurance Company of the Midwest's policy number 13-UECIC9919 provided the first layer of excess coverage, upon exhaustion of the $500,000 coverage afforded under the plaintiff Liberty Mutual Fire Insurance Co.'s policy number A02-22-665776-001-1, and the plaintiff Liberty Mutual Insurance Company's policy number LJI-221-668553-001 provided the last layer of excess insurance, in the amount of $1,000,000, upon exhaustion of the $500,000 coverage afforded under Liberty Mutual Fire Insurance Co.'s policy number A02-221-665776-001-1 and the $1,000,000 coverage afforded under Hartford Insurance Company of the Midwest's policy number 13-UECIC9919, and (B) the defendant Hartford Insurance Company of the Midwest may not recover an attorney's fee, costs, or disbursements from the plaintiff Liberty Mutual Insurance Company, or seek reimbursement from Liberty Mutual Insurance Company of any sums contributed by Hartford Insurance Company of the Midwest on behalf of the insureds David S. Bennett and Proguard Security and Fire Systems, Inc., towards the settlement of the underlying action, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in connection with the remainder of that branch of the plaintiffs' cross motion which was for summary judgment, and the order dated July 14, 2004, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Liberty Mutual Insurance Company.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On June 29, 2001, a vehicle operated by Joseph D'Erasmo was involved in a head-on collision with a vehicle operated by David S. Bennett and leased, on a long-term basis, to Ronald P. Anselmo. As a result of the collision, a passenger in D'Erasmo's vehicle was killed. Bennett was an employee of Anselmo's company, Proguard Security and Fire Systems, Inc. (hereinafter Proguard). On the day of the accident, the van normally used by Bennett in connection with his work was being serviced and, as a result, Anselmo gave Bennett permission to use his personal vehicle to call on Proguard's clients. It is undisputed that Bennett was en route to see a Proguard client when the accident occurred.

The primary insurance covering the Anselmo vehicle was a

Libertyguard Auto Policy issued to Anselmo by the plaintiff Liberty Mutual Fire Insurance Co. (hereinafter Liberty Auto). Anselmo and Bennett qualified as "insureds" under the Liberty Auto policy, which had a coverage limit of $500,000 per accident. Anselmo and Bennett were also covered, up to a maximum of $1,000,000, under a Libertyguard Catastrophe Liability Policy issued to Anselmo by the plaintiff Liberty Mutual Insurance Company (hereinafter Liberty Mutual). Liberty Mutual disputes whether Proguard was covered under the Liberty Auto and Liberty Mutual policies. It is undisputed that Proguard and Bennett (but not Anselmo) were also covered, up to a maximum of $1,000,000, under the Business Auto Coverage Form of a Special Multi-Flex Policy issued to Proguard by the defendant Hartford Insurance Company of the Midwest (hereinafter Hartford).

Joseph D'Erasmo, individually and as executor of the deceased passenger's estate, commenced an action to recover damages for personal injuries and wrongful death against Bennett, Anselmo, and Proguard (hereinafter the underlying action), which was eventually settled for $1,500,000. Liberty Auto paid the full $500,000 limit of its policy. Liberty Mutual and Hartford each contributed $500,000 toward the settlement of the underlying action, without prejudice to their right to have a court determine the priority of coverage between their respective policies. The instant action for a declaratory judgment was commenced by Liberty Mutual against Hartford and others; Hartford, in turn, asserted a counterclaim against Liberty Mutual.

Hartford moved and Liberty Mutual cross-moved for summary judgment, each seeking reimbursement from the other for its share of the settlement. The Supreme Court determined that because the Hartford policy did not cover Anselmo, it was excess to the Liberty Mutual policy, and that Hartford was therefore entitled to reimbursement from Liberty Mutual.

At the outset, we conclude that, contrary to Liberty Mutual's contention, Proguard was an "insured" under the terms of the Liberty Auto and Liberty Mutual policies. Under the Liberty Auto policy, an "insured" specifically included, insofar as is relevant to this appeal, "any . . . organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part." It is undisputed that Bennett was a person for whom coverage was afforded under the Liberty Auto policy. Moreover, Proguard, in its capacity as Bennett's employer, was an "organization" that had "legal responsibility for [Bennett's] acts or omissions" under the doctrine of respondeat superior, since it is undisputed that Bennett was acting within the scope of his employment at the time of

the accident (*see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]).

In turn, the Liberty Auto policy was explicitly referred to in the Liberty Mutual policy as an "underlying policy." The term "insured" under the Liberty Mutual policy, included, inter alia, "any person or organization insured under any underlying policy for personal injury or property damage, but only when the limits of the underlying policy are exhausted." Thus, upon exhaustion of the Liberty Auto policy, both Bennett and Proguard, as persons or organizations insured under that policy, also became "insureds" under the Liberty Mutual policy.

Contrary to Hartford's contention, the plain meaning of the Hartford and Liberty Mutual policies does not compel the conclusion that the Hartford policy is excess to the Liberty Mutual policy. The Hartford policy's "other insurance" clause stated that the policy, with respect to vehicles not owned by Proguard, was "excess over any other collectible insurance." However, the policy also expressly contemplated contribution with other insurers whose policies covered "on the same basis, either excess or primary." By contrast, the only coverage afforded under the Liberty Mutual policy was for "sums in excess of the retained limit," which was defined, in relevant part, as including "all amounts payable under an underlying policy" and "all amounts payable under any other insurance available to the insured or which would be payable under such a policy in the absence of this policy." Moreover, the "other insurance" clause of the Liberty Mutual policy made clear that "[i]f collectible insurance with any other insurer is available for a loss also covered by this policy, *this policy will be excess and will not contribute* with such other insurance" (emphasis added).

It is well-settled that "an insurance policy which purports to be excess coverage but contemplates contribution with other excess policies or does not by the language used negate that possibility must contribute ratably with a similar policy, but must be exhausted before a policy which expressly negates contribution with other carriers, or otherwise manifests that it is intended to be excess over other excess policies" (*State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 375-376 [1985]; *see United States Fire Ins. Co. v CNA*, 300 AD2d 1054 [2002]; *Travelers Indem. Co. v American & Foreign Ins. Co.*, 286 AD2d 626 [2001]; *Castricone v Riggi*, 259 AD2d 815 [1999]; *American Tr. Ins. Co. v Continental Cas. Ins. Co.*, 215 AD2d 342, 343 [1995]; *Allstate Ins. Co. v Insurance Co. of N. Am.*, 215 AD2d 612 [1995]; *Northbrook Excess & Surplus Ins. Co. v Chubb Group of Ins. Cos.*, 113 AD2d 319 [1985], *affd* 67 NY2d 1015

[1986]). To the extent that the Liberty Mutual and Hartford policies cover the same loss and the same insureds (i.e., Proguard and Bennett), it is clear that the coverage provided under the Liberty Mutual policy is excess to the coverage provided under the Hartford policy. Thus, Hartford failed to establish its prima facie entitlement to recover an attorney's fee, costs, and disbursements or to seek reimbursement from Liberty Mutual of the sums it contributed on behalf of Bennett and Proguard towards the settlement of the underlying action. Accordingly, the judgment must be reversed insofar as appealed from.

It does not follow, however, that Liberty Mutual is entitled to the full relief sought in its cross motion. In that respect, it is significant that Anselmo, who is an "insured" under the Liberty Mutual policy, does not qualify as an "insured" under the Hartford policy. As a result, Hartford is correct in contending that Liberty Mutual was obligated to provide excess coverage for Anselmo upon exhaustion of the Liberty Auto policy, and is entitled to a limited declaration to that effect.

Conversely, however, Liberty Mutual is equally correct in contending that Hartford was obligated to provide the first layer of excess coverage for Proguard and Bennett upon exhaustion of the Liberty Auto policy, and that any obligation on Liberty Mutual's part to provide additional coverage to Proguard and Bennett was contingent upon the exhaustion of *both* the Liberty Auto and Hartford policies. Thus, on this record, Liberty Mutual has established its entitlement to a limited declaration that, (1) as to Bennett and Proguard, the Liberty Mutual policy was excess to the Hartford policy, (2) Hartford may not recover an attorney's fee, costs, and disbursements from Liberty Mutual, or seek reimbursement from Liberty Mutual of any sums contributed by Hartford on behalf of Bennett and Proguard towards the settlement of the underlying action, and its cross motion should have been granted to that extent.

Critically, however, whether Liberty Mutual may be entitled to recover from Hartford all or part of the sums it contributed on behalf of Anselmo (*cf. North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281 [1993]) cannot be determined on the basis of any legal argument advanced by the parties. Accordingly, as to the remainder of that branch of its cross motion which was for summary judgment, Liberty Mutual failed to establish its prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]), and we remit the matter to the Supreme Court for further proceedings. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.