15-2809
*Hartford Underwriters Ins. Co. v. Hanover Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand sixteen.

PRESENT: RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
   *Circuit Judges.*

———————————————

HARTFORD UNDERWRITERS
INSURANCE COMPANY,

   *Plaintiff-Appellant,*

v.        No. 15-2809

HANOVER INSURANCE COMPANY,

   *Defendant-Appellee.*

———————————————

FOR PLAINTIFF-APPELLANT:   STEPHEN M. LAZARE (Marci
          Goldstein Kokalas, *on the brief*),

Lazare Potter & Giacovas LLP, New York, NY.

FOR DEFENDANT-APPELLEE:    ROBERT L. JOYCE, Littleton Joyce Ughetta Park & Kelly LLP, Purchase, NY.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Hartford Underwriters Insurance Company ("Hartford") appeals from an August 11, 2015 decision of the United States District Court for the Southern District of New York granting a motion to dismiss by Defendant-Appellee Hanover Insurance Company ("Hanover") and denying Hartford's cross-motion for summary judgment. The dispute turns on the interpretation of language within the insurance contracts at issue. The sole question is whether Hanover's policy is excess to and thus does not contribute with Hartford's.[1]

---

[1] This Court reviews *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the non-moving party." *Gonzalez v. Hasty*,

As the District Court observed, "[i]t is undisputed that the Hartford and Hanover Policies are primary policies with 'other insurance' clauses that render them excess coverage with regard to 'non-owned autos,' *i.e.*, the subject of the Underlying Action." Special App. 8. It is also undisputed that New York law governs this action. *See id.* The parties dispute only the priority of coverage between the two policies.

Under New York law, "[t]here is . . . [a] well-settled equitable right to contribution, where there is concurrent insurance even in the absence of a policy provision for apportionment." *Travelers Ins. Co. v. Gen. Accident, Fire & Life Assurance Corp.*, 28 N.Y.2d 458, 463 (1971). "[W]here each of the policies covering the risk 'generally purports to be excess to the other, the excess coverage clauses are held to cancel out each other and each insurer contributes in proportion to its limit amount of insurance . . . .'" *U.S. Fire Ins. Co. v. Fed. Ins. Co.*, 858 F.2d 882, 885 (2d Cir. 1988) (quoting *Lumbermens Mut. Cas. Co. v. Allstate Ins. Co.*, 51 N.Y.2d 651, 655 (1980)); *accord State Farm Fire & Cas. Co. v. LiMauro*, 65 N.Y.2d 369, 373–74 (1985). "Thus, though it is possible for an insurer to provide 'that it would, in effect, supply only the final tier of coverage,' if other policies similarly purported

---

802 F.3d 212, 219 (2d Cir. 2015). We assume the parties' familiarity with the facts and record below, which we reference only as necessary to explain our decision.

3

to provide final-tier coverage, all such insurers would be required 'to contribute ratably' toward any settlement." *U.S. Fire Ins. Co.*, 858 F.2d at 885 (quoting *Lumbermens*, 51 N.Y.2d at 656 n. *). "The general rule of ratable contribution is inapplicable, however, if it 'would effectively deny and clearly distort the plain meaning of the terms of the policies.'" *Id.* (quoting *Lumbermens*, 51 N.Y.2d at 655).

For substantially the reasons stated by the District Court, we find that the Hanover Policy is excess to and thus does not contribute with the Hartford Policy. The language of the Hartford Policy contemplates contribution with other excess coverage while the Hanover Policy does not; the Hartford Policy says that it will *contribute* with other coverage "on the same basis, either excess or primary," App. 526, whereas the Hanover Policy states that it is *excess over* any other coverage, "whether primary, excess, contingent or on any other basis," App. 533. The Hanover Policy further states that it has no duty to defend "if any other insurer has a duty to defend" and that it pays on a loss only if that loss "exceeds" what other insurance would pay. App. 533.

The Appellant argues that the language in Hanover's policy noting that "[t]his insurance is excess over[ a]ny other insurance, whether primary, excess,

4

contingent or on any other basis" has been held to be materially identical for purposes of this inquiry to the language in Hartford's policy stating that "the insurance provided by this Coverage Form is excess over any other collectible insurance," thereby rendering erroneous any reliance by the District Court on this particular language. *See* Appellant's Br. at 15 (citing *LiMauro*, 65 N.Y.2d at 378 (observing that the absence of the more specific words "whether primary, excess or contingent" did not subvert the conclusion that a policy nevertheless manifested an intention to be excess to excess)); *but see Lumbermens*, 51 N.Y.2d at 655–56 (holding, in a decision not overturned by *LiMauro*, that, in part because a policy "provided for coverage in excess of 'any other valid and collectible insurance available to the insured, whether such other insurance is stated to be primary, contributing, excess or contingent,'" the policy "specifically provided coverage in excess of all other coverage available, including excess coverage"). The Appellant also argues that the contribution provisions in Hanover's policy do not negate contribution.

Both of these arguments misconstrue the District Court's holding. Even assuming *arguendo* that there is no material distinction between the quoted language in both parties' insurance contracts, that would not mean that

Hanover's relevant language does *not* negate an intention to contribute with other excess policies; instead, it would mean at best that the quoted language in *both* policies evinces such an intention. *See LiMauro*, 65 N.Y.2d at 378 (finding that the more specific language was not necessary for the language to otherwise manifest an intention to negate, but nowhere implying that the specific language, when present, could fail to express such an intention). That intention to negate would then be subverted by Hartford's contribution provision, thus rendering Hartford's policy merely excess—but not by Hanover's, thus rendering Hanover's policy excess to excess.[2]

In short, then, the District Court's holding rests neither on the premise that the quoted language in Hartford's and Hanover's policies is materially distinct— though that may be the case—or on the premise that Hanover's contribution policy expresses an intention to negate. Instead, even assuming all of Hartford's legal premises to be correct, it would be the case that *both* policies initially evince

---

[2] This two-step analysis is precisely in line with the Second Department's interpretation of the very same Hartford policy, finding that the above-quoted language in Hartford's policy *does* express an intention to negate contribution, but that this intention is contradicted by the contribution provision. *See Liberty Mut. Ins. Co. v. Hartford Ins. Co. of Midwest*, 811 N.Y.S.2d 716, 720 (N.Y. App. Div. 2d Dep't 2006) ("The Hartford policy's 'other insurance' clause stated that the policy, with respect to vehicles not owned by [the insured], was 'excess over any other collectible insurance.' *However*, the policy also expressly contemplated contribution with other insurers whose policies covered 'on the same basis, either excess or primary.'" (emphasis added)).

an intent to negate contribution with other excess providers—but while that inference is *not contradicted* (whether or not supported) by Hanover's contribution provision text, it is subverted by Hartford's.

We have considered Hartford's remaining arguments and find them to be without merit.  We therefore AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk